JAMES R. PITCOCK AND WIFE, PAMELA P. PITCOCK, PLAINTIFFS v. GLENN M. FOX AND WIFE, DEBORAH SUSAN FOX; WADE T. SIMS AND WIFE, ROSEMARY NORKUS SIMS; AND JACKIE L. MURRAY AND WIFE, SHIRLEY L. MURRAY, DEFENDANTS

No. 9429SC263

(Filed 20 June 1995)

1. **Adverse Possession § 2 (NCI4th)— adverse or hostile claim—insufficiency of evidence**

The trial court in an action to establish an easement erred in denying defendants' motion for directed verdict at the close of plaintiffs' evidence because there was no evidence to show that plaintiffs' use of a drive over defendants' property was adverse, hostile, or under claim of right for the required twenty-year period.

**Am Jur 2d, Adverse Possession § 48.**

## 2. Trial § 471 (NCI4th)— no trespass found—damages awarded—inconsistent verdict

The trial court erred by entering judgment upon an inconsistent verdict where the jury found that plaintiffs did not trespass upon defendants' property, yet the jury found that plaintiffs owed defendants $430 for damages.

### Am Jur 2d, Trial § 1805.

Appeal by defendants Wade T. and Rosemary Norkus Sims from judgment entered 11 October 1993 by Judge Marvin Gray in Henderson County Superior Court. Heard in the Court of Appeals 6 April 1995.

Defendants own three contiguous tracts of real property located in Blue Ridge Estates, Henderson County, North Carolina. Plaintiffs James and Pamela Pitcock own a tract of undeveloped real property which is adjacent to defendants' property, but which is not adjacent to any public road. The defendants share a common drive which leads from the public road across defendants' property to their houses. Plaintiffs bought their property in 1990 and used this drive because it was the only way to reach their land. When Mr. Pitcock drove a bulldozer up the drive to do some work on his property, defendants had Mr. Pitcock arrested for trespassing. Defendants said that the bulldozer created cracks in the drive and scuffed the drive's surface. Defendants then blocked the drive with a gate and prevented plaintiffs from accessing their property.

Plaintiffs filed a complaint in March 1991, alleging that they had the right to use the drive because they had established an easement by dedication and prescription. Defendants denied the existence of an easement and counterclaimed for damages, alleging that plaintiffs had trespassed on defendants' property. On 31 March 1992, defendants moved for partial summary judgment as to plaintiffs' claim of an easement by dedication. On 6 May 1992, the trial court granted defendants' motion for partial summary judgment. The remaining issues went to trial on 27 September 1993 where the trial court denied defendants' motions for directed verdict at the close of plaintiffs' evidence and at the close of all evidence. The jury found that plaintiffs had acquired an easement by prescription over defendants' land, that plaintiffs had not trespassed over defendants' land, and awarded defendants $430.00 for damages caused by plaintiffs to defendants' property. Defendants Wade T. Sims and his wife, Rosemary Norkus Sims, appeal.

*Whitmire & Fritschner, by Samuel H. Fritschner, for plaintiff-appellees.*

*Prince, Youngblood & Massagee, by Sharon B. Alexander, for defendant-appellants.*

EAGLES, Judge.

I.

[1]  Defendants argue that the trial court erred by denying defendants' motion for directed verdict because the evidence was insufficient to show that plaintiffs acquired an easement by prescription. In deciding whether to grant a motion for directed verdict, the trial court must determine whether the evidence, viewed in the light most favorable to the non-moving party, is sufficient to take the case to a jury. *Freese v. Smith*, 110 N.C. App. 28, 33, 428 S.E.2d 841, 845 (1993). "In making this determination[,] a directed verdict should be denied if there is more than a scintilla of evidence supporting each element of the nonmovant's case." *Freese* at 33-34, 428 S.E.2d at 845, *citing Snead v. Holloman*, 101 N.C. App. 462, 465, 400 S.E.2d 91, 93 (1991). On appeal, "[our] scope of review is limited to those grounds asserted by the moving party at the trial level." *Freese* at 34, 428 S.E.2d at 845-46.

To establish a prescriptive easement, a party must prove by a preponderance of the evidence:

(1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period.

*Potts v. Burnette*, 301 N.C. 663, 666, 273 S.E.2d 285, 287-88 (1981). In establishing the prescriptive easement, the party must overcome the presumption that the party is on the true owner's land with the owner's permission. *Johnson v. Stanley*, 96 N.C. App. 72, 74, 384 S.E.2d 577, 579 (1989), *citing Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E.2d 897, 900 (1974).

Defendants first argue that plaintiffs failed to prove that their use of the drive was adverse, hostile, or under claim of right. The meanings of the terms "adverse," "hostile," and "under claim of right" are

intertwined. "Adverse" means "[h]aving opposing interests." *Blacks Law Dictionary* 53 (6th ed. 1990). "A 'hostile' use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right." *Dickinson v. Pake*, 284 N.C. at 581, 201 S.E.2d at 900. A "claim of right" is an intention to claim and use land as one's own. *Black's Law Dictionary* 248 (6th ed. 1990). "Notice to the true owner of the existence of the alleged easement is 'crucial to the concept of holding under a claim of right.'" *Johnson* at 75, 384 S.E.2d at 579, *quoting Taylor v. Brigman*, 52 N.C. App. 536, 541, 279 S.E.2d 82, 85-86 (1981). A party can give notice to the true owner by "open and visible acts such as repairing or maintaining the way over [the true owner's] land." *Johnson* at 75, 384 S.E.2d at 579.

At trial, Mr. Pitcock testified that the drive was the only way to reach his property and that he never asked or received permission to use the drive. Mr. Pitcock testified that he first was on the drive in July 1973 with a real estate broker when he was looking for property in the area to purchase. Although he did not purchase the particular tract until 1990, Mr. Pitcock testified, "I was up there in '73 and I was up there in '79 and '84 and numerous times since then up until they had me arrested for trespassing." He testified that he had received "a series of harrassing [sic] and threatening phone calls" from defendants for approximately one month before he was arrested, telling him he did not have the right to use the drive.

To satisfy the adversity requirement, plaintiffs had to show that defendants had notice of plaintiffs' adverse use for the required twenty year period. Mr. Pitcock testified that he never made any effort to improve or change the drive over which he travelled. While performing maintenance or repair work to a road is not the sole way to give the true landowner notice of adverse use, the only evidence plaintiffs offered to show that defendants had notice of plaintiffs' alleged adverse use of the drive was Mr. Pitcock's testimony that defendants harassed him for one month in the fall of 1990 and then had him arrested for trespassing. This evidence fails to show that plaintiffs and their predecessors made any *adverse* use of the drive for the required twenty year period. The remainder of plaintiffs' evidence showed that plaintiffs and their predecessors only used the drive as a means of ingress and egress. "[M]ere use alone is insufficient to establish a prescriptive easement." *Johnson* at 76, 384 S.E.2d at 580. Accordingly, we conclude that the trial court erred in denying defendants' motion for directed verdict at the close of plaintiffs' evi-

dence because there was no evidence to show that plaintiffs' use of the drive was adverse, hostile, or under claim of right for the required twenty year period. *See Godfrey v. Van Harris Realty, Inc.*, 72 N.C. App. 466, 471, 325 S.E.2d 27, 30 (1985) (holding that a landowner is entitled to a directed verdict when there is insufficient evidence to support an essential element of a prescriptive easement claim).

[2]   Defendants also contend the trial court erred by entering judgment upon an inconsistent verdict. In its verdict, the jury found that plaintiffs did not trespass upon defendants' property, yet the jury also found that plaintiffs owed defendants $430.00 for damages. Defendants argue that the jury's verdict is inconsistent because the trial court instructed the jury that defendants were entitled to recover damages only if they proved that plaintiffs trespassed upon their property and the jury's verdict was that there was no trespass. Although defendants have technically waived this argument by failing to move for a new trial in the trial court, N.C. R. App. P. 10(b)(1), we will exercise the discretion granted us by N.C. R. App. P. 2. It is error to enter judgment upon an inconsistent verdict. *Matter Of Will Of Leonard*, 71 N.C. App. 714, 718, 323 S.E.2d 377, 380 (1984). The jury having answered the issue of trespass in favor of plaintiffs, it follows that defendants were not entitled to recover damages, and the jury's answer to Issue 3 awarding damages must be stricken. *See Summey v. Cauthen*, 283 N.C. 640, 649, 197 S.E.2d 549, 555 (1973).

Reversed in part, vacated in part, and remanded for entry of judgment in accordance with the opinion.

Judges MARTIN, JOHN C., and WALKER concur.