**YADKIN VALLEY LAND CO., L.L.C. v. BAKER**

[141 N.C. App. 636 (2000)]

YADKIN VALLEY LAND COMPANY, L.L.C., Plaintiff v. H. WADE BAKER and wife, LOLA W. BAKER and JAMES MICHAEL TRENT and wife, JUDY TRENT and BETTY M. FLINCHUM, Defendants

YADKIN VALLEY LAND COMPANY, L.L.C., Plaintiff v. H. WADE BAKER and wife, LOLA W. BAKER, Defendants

No. COA99-1243, 1244

(Filed 29 December 2000)

**Easements— prescription—failure to establish requisite hostile nature of use**

The trial court did not err by granting summary judgment in favor of defendants on plaintiff's claims for an easement by prescription because the evidence presented is insufficient to establish the alleged use of the extensions by plaintiff and its predecessors over defendants' lands was adverse, hostile, or under claim of right when: (1) there is no evidence indicating whether defendants ever consented or objected to any use of the extensions by plaintiff, nor is there evidence of the manner in which the alleged extensions have been used; (2) there is no evidence that permission was ever sought to use the extensions, and plaintiff's evidence indicates that none of the defendants ever voiced an objection to the use of the extensions by plaintiff's predecessors; (3) there is no evidence that plaintiff or its predecessors ever made repairs or improvements to the extensions that would give notice to defendants of their use of the extensions; and (4) using the extensions as the sole means of access to the combined property alone does not rebut the presumption of permissive use.

Appeal by plaintiff from judgments entered 15 June 1999 by Judge Howard R. Greeson, Jr. in Superior Court, Surry County. Heard in the Court of Appeals 25 August 2000.

*Daniel J. Park, P.A., by Daniel J. Park, for plaintiff-appellant.*

*Wilson & Iseman, L.L.P., by Linda L. Helms, for defendants-appellees H. Wade Baker and wife, Lola W. Baker, and Conner Gwyn Schenk PLLC, by Allen Holt Gwyn and Paul E. Davis, for defendants-appellees James Michael Trent and wife, Judy Trent, and Betty M. Flinchum, in case No. 97 CVS 677.*

*Wilson & Iseman, L.L.P., by Linda L. Helms, for defendants-appellees H. Wade Baker and wife, Lola W. Baker, in case No. 97 CVS 676.*

WYNN, Judge.

In February 1996, Yadkin Valley Land Company, L.L.C., a North Carolina limited liability company, acquired title in fee to certain real property located in Surry County consisting of approximately 887 acres divided into various tracts. The portion of Yadkin's property at issue in case No. 97 CVS 677 is a tract consisting of approximately 63 acres (the "south property"). The portion of Yadkin's property consisting of approximately 50 acres (the "east property") is the subject of case No. 97 CVS 676, a companion case also before this Court. Because the issues presented in these companion cases are identical, and the facts virtually so, we refer to the south property and the east property collectively as "the combined property"; and, we consolidate the two cases on appeal to render this single opinion on all issues.

Yadkin's south property is bordered generally on three sides, to the south, east and west, by the Ararat River. To the north, Yadkin's south property is bordered by property owned by defendants James Michael Trent and his wife, Judy Trent, and by property owned by defendant Betty M. Flinchum. Defendants H. Wade Baker and his wife, Lola W. Baker, own property located adjacent to and generally north of the Trents' property and the Flinchum property.

Yadkin's east property is bordered generally on three sides, to the south, east and north, by the Ararat River. To the west, Yadkin's east property is bordered by property owned by the Bakers.

Prior to Yadkin's ownership, Crescent Resources, Inc. (formerly Crescent Land and Timber Corp.) owned the property from 16 January 1989 until 13 February 1996. Before that time, Duke Power Company owned the property. Neither the south property nor the east property is accessed by any public road. Crackers Neck Road, a public road (SR 2046), ends as a state-maintained road on the Bakers' property.

On 23 June 1997, Yadkin filed separate complaints—one each in connection with the south property and the east property—setting forth three claims: (1) easement by necessity, (2) easement by prescription, and (3) right to statutory cartway under N.C. Gen. Stat. §§ 136-68 and 136-69. The complaint regarding the south property

alleged that the only means of access to the south property "is across the defendant Bakers' property, or across the defendant Trents' or the defendant Flinchum, or both." The complaint alleged that an extension of Crackers Neck Road extended from the Bakers' property to Yadkin's south property, which extension was allegedly used by Yadkin and its predecessors-in-title to access the south property. The complaint regarding the east property alleged that "[t]he only means of access to plaintiff's [east] property is across the [Bakers'] property." Correspondingly, that complaint alleged than an extension of Crackers Neck Road extended from the Bakers' property to Yadkin's east property, which extension was allegedly used by Yadkin and its predecessors-in-title to access the east property. On 16 March 1999, Yadkin voluntarily dismissed without prejudice its third claim for a statutory cartway easement as to both the south property and the east property. In April 1999, the defendants moved for summary judgments on the remaining two claims concerning the south and east properties. At the outset of the hearing on the two motions, Yadkin took a voluntary dismissal of its first claim for easement by necessity regarding both the south property and the east property, leaving only the second claim for easement by prescription at issue for each tract.

Superior Court Judge Howard R. Greeson, Jr., granted both of defendants' motions for summary judgment on the claims for easement by prescription by orders filed on 21 June 1999. From those orders Yadkin appeals.

---

The issue on appeal is whether the trial court committed reversible error in granting the defendants' motions for summary judgment on Yadkin's claims for an easement by prescription. Yadkin argues in each case that the record on appeal supports its contention that there existed a genuine issue of material fact, and that the defendants, therefore, were not entitled to judgment as a matter of law. We disagree.

An order of summary judgment by the trial court is fully reviewable by this Court. *Virginia Elec. and Power Co. v. Tillett,* 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied,* 317 N.C. 715, 347 S.E.2d 457 (1986) (citation omitted). Indeed, "[s]ummary judgment is appropriate when the pleadings, depositions, affidavits, and other evidentiary materials demonstrate the absence of any triable issue of fact and the moving party's right to judgment as a matter of law." *Murakami v. Wilmington Star News, Inc.,* 137 N.C. App. 357, 359,

## YADKIN VALLEY LAND CO., L.L.C. v. BAKER

528 S.E.2d 68, 69, *disc. review denied*, 352 N.C. 148, —— S.E.2d —— (2000) (citing *Yamaha Int'l Corp. v. Parks*, 72 N.C. App. 625, 325 S.E.2d 55 (1985); N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999)). "Defendants are thereby entitled to summary judgment if they establish either the nonexistence of an essential element of plaintiff's claim or show that plaintiff could not produce evidence of an essential element of her claim." *Mitchell v. Golden*, 107 N.C. App. 413, 417, 420 S.E.2d 482, 484 (1992) (citing *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992)). "In reviewing the trial court's grant of summary judgment this court must examine the evidence in the light most favorable to the non-movant[.]" *Delk v. Hill*, 89 N.C. App. 83, 84-85, 365 S.E.2d 218, 219, *disc. review denied*, 322 N.C. 605, 370 S.E.2d 244 (1988).

To establish an easement by prescription, a claimant must prove by the greater weight of the evidence that: (1) the use is adverse, hostile or under claim of right; (2) the use has been open and notorious such that the true owner had notice of the claim; (3) the use has been continuous and uninterrupted for at least twenty years; and (4) there is substantial identity of the easement claimed throughout the prescriptive period. *Potts v. Burnette*, 301 N.C. 663, 666, 273 S.E.2d 285, 287-88 (1981). Prescriptive easements are not favored in the law, and the burden is therefore on the claiming party to prove every essential element thereof. *Id.* at 666, 273 S.E.2d at 288.

It is well-settled that mere permissive use of a way over another's land cannot ripen into an easement by prescription no matter how long it continues. *Dickinson v. Pake*, 284 N.C. 576, 581, 201 S.E.2d 897, 900 (1974). Furthermore, any such use is presumed to be permissive unless that presumption is rebutted by evidence to the contrary. *Id.* at 580, 201 S.E.2d at 900 (citations omitted).

To rebut the presumption of permissive use, the party claiming the prescriptive easement must present evidence that establishes a hostile use. *Id.* at 581, 201 S.E.2d at 900 (citation omitted). To establish a hostile use, a claimant must show "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E.2d 873, 875 (1966). This Court has previously stated that "[n]otice to the true owner of the existence of the alleged easement is 'crucial to the concept of holding under a claim of right.' " *Johnson v. Stanley*, 96 N.C. App. 72, 75, 384 S.E.2d 577, 579 (1989) (quoting *Taylor v. Brigman*, 52 N.C. App. 536, 541, 279 S.E.2d

82, 85-86 (1981)). "A party can give notice to the true owner by 'open and visible acts such as repairing or maintaining the way over [the true owner's] land.'" *Pitcock v. Fox*, 119 N.C. App. 307, 310, 458 S.E.2d 264, 267 (1995) (quoting *Johnson*, 96 N.C. App. at 75, 384 S.E.2d at 579).

While the claimant need not show that "there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate," *Dulin*, 266 N.C. at 260-61, 145 S.E.2d at 875 (quoting 17A Am. Jur. *Easements* § 76, p. 691), "there must be some evidence refuting the inference that the use is permissive and with the owner's consent." *Perry v. Williams*, 84 N.C. App. 527, 529, 353 S.E.2d 226, 227 (1987) (citing *Dickinson*).

Yadkin's evidence in the record on appeal consists of the affidavits of Brad Howard (an employee of Weyerhaeuser Company), Terry Key (employee of Crescent), Harold Allen Eason (employee of Duke Energy, formerly Duke Power), James R. "Randy" Hobbs (employee of Duke Energy) and Jake N. M. Guyer (member of Yadkin). Those affidavits tend to show the following: That there is an extension of Crackers Neck Road that leads southward from the defendant Bakers' property, across the defendant Trents' property to the Yadkin south property; that there is an extension of Crackers Neck Road that leads eastward from the Bakers' property to the Yadkin east property; these extensions are the only means of ingress and egress for the combined property; these extensions are not public roads, nor are they paved or otherwise improved; the combined property is used for the growing of timber; Yadkin has sold the timber on the combined property to Weyerhaeuser for harvesting; Yadkin acquired the combined property on 13 February 1996; from 16 January 1989 until 13 February 1996, the combined property was owned by Crescent; Crescent acquired the combined property from Duke Power, which acquired the land during the 1930s; Yadkin, Crescent and Duke Power have used the extensions to access the combined property at various times since the 1930s; members of Yadkin have "gone upon the [combined] property" by using the extension "to check on the timber and the condition of the [combined] property in general"; members of Yadkin "went onto the [combined] property before and after buying it and up until the time" the complaint was filed "by traveling Cracker[s] Neck Road to a point where it ceases to be a public road and then continuing with that same road" to the combined property; representatives of Yadkin and Weyerhaeuser have walked the extensions of Crackers Neck Road to

the combined property; none of the defendants ever complained of or expressed any opposition to such use of the extensions by Crescent or Duke Power.

The evidence thus presented is insufficient to establish that the alleged use by Yadkin, Crescent and Duke Power was adverse, hostile or under claim of right, and therefore fails to rebut the inference of permissive use. There is no evidence indicating whether the defendants ever consented or objected to any use of the extensions by Yadkin (as opposed to Crescent or Duke Power), nor is there evidence of the manner in which the alleged extensions have been used, whether for vehicular traffic, foot traffic, or otherwise. There is no evidence that permission was ever sought by Yadkin, Crescent or Duke Power to use the extensions, and Yadkin's evidence indicates that none of the defendants ever voiced an objection to the use of the extensions by Crescent or Duke Power. There is no evidence that Yadkin, Crescent or Duke Power ever made repairs or improvements to the extensions. This evidence:

> is tantamount to an assertion that [Yadkin] used the [extensions] in silence. "Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use." . . . The mere use of a way over another's land cannot ripen into an easement by prescription, no matter how long it may be continued.

*Godfrey v. Van Harris Realty, Inc.*, 72 N.C. App. 466, 469-70, 325 S.E.2d 27, 29 (1985) (quoting *Henry v. Farlow*, 238 N.C. 542, 544, 78 S.E.2d 244, 246 (1953)).

In *Pitcock*, the party claiming the prescriptive easement testified that he never requested nor received permission to use the land in question for an access drive, which provided the only means of access to the claimant's property. 119 N.C. App. at 310, 458 S.E.2d at 267. Furthermore, he never made any improvements or changes to the drive. *Id.* While holding that "performing maintenance or repair work to a road is not the sole way to give the true landowner notice of adverse use," we found that the evidence presented showed that the claimant and his predecessors "only used the drive as a means of ingress and egress," which failed to establish that the use was adverse, hostile or under claim of right for the prescriptive period of twenty years. *Id.* at 311, 458 S.E.2d at 267. Similarly, in the instant cases Yadkin has never requested nor received permission to use the extensions, nor has Yadkin or its predecessors made any repairs or performed any maintenance on the extensions that would give notice

to defendants of their use of the extensions. Assuming, *arguendo*, that Yadkin, Crescent and Duke Power occasionally (although admittedly infrequently) used the extensions as the sole means of access to the combined property, such use alone does not rebut the presumption of permissive use and establish that such use was adverse, hostile or under claim of right.

As Yadkin has failed to establish that its use of the extensions (in addition to the use by Crescent and Duke Power) was not permissive, in the absence of such a showing we must assume that such use was with the consent of the defendants and was therefore not adverse, hostile or under claim of right. Accordingly, we hold that the absence of evidence establishing the requisite hostile nature of the use of the extensions over the defendants' lands entitled the defendants to judgment as a matter of law. Each order of summary judgment by the trial court is therefore,

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.