**INTERMOUNT DISTRIB'N, INC. v. PUBLIC SERV. CO. OF N.C., INC.**

[150 N.C. App. 539 (2002)]

INTERMOUNT DISTRIBUTION, INC., Plaintiff-Appellee v. PUBLIC SERVICE
COMPANY OF NORTH CAROLINA, INC., Defendant-Appellant

No. COA01-238

(Filed 4 June 2002)

**1. Appeal and Error— appealability—interlocutory order—
certification for immediate appeal**

Although defendant's appeal from the grant of partial summary judgment is an appeal from an interlocutory order, the order was appealable because the trial court certified the case for immediate appeal under N.C.G.S. § 1A-1, Rule 54(b).

**2. Easements— right-of-way—reasonableness of amount of
space to operate gas pipelines**

The trial court erred by granting partial summary judgment in favor of plaintiff and concluding as a matter of law that the enforceable width of an easement or right-of-way for a gas pipeline claimed by defendant was eight inches, because the reasonableness of the amount of space needed to operate and maintain defendant's pipelines raises a question of fact that precludes summary judgment.

Appeal by defendant from judgment entered 21 December 2000 by Judge Ronald K. Payne in Henderson County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Ronald E. Sneed for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Jones P. Byrd, P. Michelle Rippon and Donald R. Pocock, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Public Service Company of North Carolina, Inc. ("PSNC") appeals from an order granting partial summary judgment in favor of Intermount Distribution, Inc. ("Intermount"). The relevant facts are as follows: Intermount acquired title to certain property located in Henderson County, North Carolina from Bessie Riddle ("Riddle"). The land was subject to an easement acquired by PSNC from Riddle pursuant to a right-of-way agreement dated 7 October 1955. The agreement granted PSNC and its successors and assigns, the right to maintain, construct, replace, change the size of, or lay one or more

INTERMOUNT DISTRIB'N, INC. v. PUBLIC SERV. CO. OF N.C., INC.

[150 N.C. App. 539 (2002)]

pipelines across the property for the transportation of natural gas and other materials that may be transported through a pipeline. The agreement gave PSNC the right to select the route by laying the first pipeline. Shortly after obtaining the right-of-way across the property, PSNC laid an eight-inch diameter high pressure transmission pipeline ("T-1") for the transportation of natural gas from Gastonia, North Carolina to Asheville, North Carolina.

In late 1997, PSNC began installing its second pipeline ("T-1B") on the property. The second pipeline was twelve inches in diameter and parallel to T-1. The installation of T-1B was necessary to satisfy increasing demands on its pipeline system in Western North Carolina. In March of 1998, PSNC sent a letter to Intermount concerning the installation of its proposed pipeline.

Before installing T-1B, PSNC learned that Intermount planned to construct a building to the east of T-1. In accordance with industry and its own regulations, PSNC had maintained for many years that its easement was thirty-five (35) feet to the west and fifteen feet (15) to the east. However, in an effort to accommodate Intermount's construction plans, PSNC relocated its easement and constructed T-1B to the west of T-1 rather than to the east, which gave Intermount an additional twenty feet east of T-1 to start construction. This accommodation would keep any building construction fifteen feet from T-1 and would also provide sufficient space to maneuver and operate any specialized equipment required to install, maintain, and repair the pipelines.

Intermount subsequently began to design and construct its building within ten feet of T-1. PSNC continued to advise Intermount that a clearance of fifteen feet was necessary for safety reasons. When PSNC refused to acquiesce, Intermount filed this action.

On 14 April 2000, PSNC moved for summary judgment. The only issue before the court was the enforceable width of the easement or right-of-way claimed by PSNC. On 21 December 2000, the court granted partial summary judgment holding that PSNC's pipeline easement was eight inches wide. The court then certified that its order affected a substantial right of the parties, particularly PSNC, therefore providing the basis for this appeal.

---

The dispositive issue on appeal is whether the trial court erred in entering partial summary judgment in favor of Intermount and deter-

INTERMOUNT DISTRIB'N, INC. v. PUBLIC SERV. CO. OF N.C., INC.

[150 N.C. App. 539 (2002)]

mining, as a matter of law, that the actual width of PSNC's easement is eight inches.

[1] At the outset, we note that the denial of a motion for summary judgment is not typically appealable. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 424, 302 S.E.2d 868, 871 (1983). Likewise, "[a] grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The order appealed from in the instant case granted partial summary judgment in favor of plaintiff and therefore, it is an interlocutory order. "As a general rule, a party has no right to immediate appellate review of an interlocutory order." *See Tise v. Yates Construction Co.*, 122 N.C. App. 582, 584, 471 S.E.2d 102, 105 (1996). However, appeal from an interlocutory order is permissible under two specific statutory exceptions. *Town Center Assoc. v. Y & C Corp.*, 127 N.C. App. 381, 384, 489 S.E.2d 434, 436 (1997). "First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). The order appealed from in the instant case contained the trial court's certification pursuant to Rule 54(b). We now allow the appeal and address the merits of the case.

[2] Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The party moving for summary judgment has the burden of showing that either an essential element of the plaintiff's claim does not exist or that plaintiff cannot produce evidence to support an essential element of the claim. *Evans v. Appert*, 91 N.C. App. 362, 365, 372 S.E.2d 94, 96, *disc. review denied*, 323 N.C. 623, 374 S.E.2d 584 (1988). The evidence presented is viewed in the light most favorable to the non-movant. *Bruce-Terminex Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

The deed in the instant case was created in 1955 and granted PSNC an easement for the purpose of laying, constructing, maintaining, operating, repairing, altering, replacing and removing pipelines,

INTERMOUNT DISTRIB'N, INC. v. PUBLIC SERV. CO. OF N.C., INC.

[150 N.C. App. 539 (2002)]

for the transportation of natural gas, and other substances. Although the right-of-way agreement did not distinctly specify the width of the easement, the agreement provided that PSNC shall have "all other rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted including the right from time to time, to lay, construct, maintain, alter, repair, remove, change the size of, and replace one or more additional lines of pipe approximately parallel with the first pipe line laid by" PSNC.

We begin by noting that an easement deed, such as the one disputed in the instant case, is a contract. *See Cochran v. Keller*, 84 N.C. App. 205, 211, 352 S.E.2d 458, 462 (1987), *disc. review denied*, 322 N.C. 605, 370 S.E.2d 244 (1988). "In North Carolina, it is an established principle that the possessor of an easement has all rights that are necessary to the reasonable and proper enjoyment of that easement." *Keller v. Cochran*, 108 N.C. App. 783, 784, 425 S.E.2d 432, 434 (1993). Deeds of easement are construed according to the rules of construction of contract so as to ascertain the intention of the parties as gathered from the entire instrument at the time it was created. *See Higdon v. Davis*, 315 N.C. 208, 216, 337 S.E.2d 543, 547 (1985). This Court has held that "[w]hen an easement is created by express conveyance and the conveyance is 'perfectly precise' as to the extent of the easement, the terms of the conveyance control." *Williams v. Abernethy*, 102 N.C. App. 462, 464-65, 402 S.E.2d 438, 440 (1991) (citation omitted). " 'If the conveyance is silent as to the scope of the easement, extrinsic evidence is inadmissible as to the scope or extent of the easement.' " *Swaim v. Simpson*, 120 N.C. App. 863, 864, 463 S.E.2d 785, 786-87 (1995) (quoting Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina*, § 15-21 (4th ed. 1994)), *affirmed*, 343 N.C. 298, 469 S.E.2d 553 (1996). However, in this situation, a reasonable use is implied. *Id.* In such cases, " '[a]n easement in general terms is limited to a use which is reasonably necessary and convenient . . . for the use contemplated.' " *Shingleton v. State*, 260 N.C. 451, 457, 133 S.E.2d 183, 188 (1963) (quoting 12A Am. Jur., *Easements*, § 113, pp. 720, 721); *see also Keller*, 108 N.C. App. at 784-85, 425 S.E.2d at 434. "Whether a specific use of an easement constitutes a reasonable use is a question of fact and is not a matter of law." *Id.*

In the instant case, Intermount maintains that the width of the right-of-way became "fixed" when the original pipeline was installed. Therefore, the width of the easement is only the width of the pipe itself and the minimal amount necessary for the maintenance of its

INTERMOUNT DISTRIB'N, INC. v. PUBLIC SERV. CO. OF N.C., INC.

[150 N.C. App. 539 (2002)]

pipelines. Contrary to Intermount's assertions, PSNC contends that the owner of a pipeline right-of-way is entitled to reasonable access to the land for the purpose of maintaining and making repairs. In support of this proposition, PSNC relies on a line of cases that have held that a fifty-foot wide easement is reasonable and necessary for the safety and maintenance of gas pipelines. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d. 538, 544 (3rd Cir. 1995) (holding that fifty feet is a reasonable and necessary width needed to operate a twenty-inch gas pipeline); *Columbia Gas Transmission Corp. v. Savage*, 863 F.Supp. 198, 202 (M.D.Pa. 1994) (finding fifty feet necessary for an easement in order to safely maintain a 14-inch pipeline); and *Crane Hollow, Inc. v. Marathon Ashland Pipe Line LLC*, 138 Ohio App. 3d. 57, 69, 740 N.E.2d 328, 336 (2000) (holding that evidence supported a finding that use and acquiescence of the easement established a fifty-foot width for pipeline easement).

Although not specifically addressed in North Carolina, we find guidance in other jurisdictions that have held that when the width of an easement is not specifically defined in the grant, such as the one in the instant case, then the "previously undefined width is then established by the rule of reasonable enjoyment." *Sunnyside Valley Irrigation District v. Dickie*, 111 Wash. App. 209, 215, 43 P.3d 1277, 1281 (2002). Under the doctrine of reasonable enjoyment, the width of an undefined easement is determined by considering the purpose of the easement and establishing a width necessary to effectuate that purpose. *Id.* Where an easement is granted without limitations on its use, "the grantee may partake in other reasonable uses that develop over time if such uses significantly relate to the object for which the easement was granted." 61 Am. Jur. 2d, *Pipelines*, § 31 (2002). "Determination of the necessary width under the doctrine of reasonable enjoyment [presents] a question of fact." *Sunnyside Valley Irrigation District*, 111 Wash App. at 215, 43 P.3d. at 1281. Although the extent of an easement is limited to that which has been granted, courts have also consistently permitted express easements to accommodate modern developments, "so long as the use remains consistent with the purpose of which the right was originally granted." *Savage*, 863 F.Supp. at 202. "This is based upon a presumption that advances in technology are contemplated in the grant of the easement." *Id.*

In the instant case, the original deed as granted in 1955, expressly stated the purpose of the grant, which was the right from time to time, to lay, construct, maintain, operate, . . . change the size of and

replace one or more additional lines of pipe[.]" Clearly, the reasonableness of the amount of space needed to operate and maintain PSNC's pipelines raises a question of fact that precludes summary judgment. We therefore conclude that the trial court erred in concluding as a matter of law that the width of the easement was eight inches and remand this case for a factual finding regarding the reasonableness of the amount of space needed to operate PSNC's gas pipelines.

Reversed and remanded.

Judges HUDSON and TYSON concur.