LORRAINE KEENER, WILLIAM McMILLEN and wife, MILDRED McMILLEN, FRED FORSYTH and wife, TEDDY FORSYTH, FRANK DAWSON and wife, PENELOPE L. DAWSON, JIMMY GOODMAN, and JANE MOORE, Plaintiffs v. WILLIAM ARNOLD and wife, SHARON ARNOLD, Defendants

No. COA02-1445

(Filed 16 December 2003)

**1. Appeal and Error— appealability—order to remove structures—partial summary judgment**

A partial summary judgment ordering the removal of substantial structures from real property affects a substantial right and may be immediately appealed.

**2. Easements— by grant—width not defined—space reasonably needed—issue of fact**

Summary judgment should not have been granted for plaintiffs on the issue of whether they had an easement by grant over an area used for boating, swimming, and fishing. The width of the easement was not defined and there was an issue of fact about the space needed to effectuate the easement's purpose.

**3. Easements— by prescription—active and hostile use—issue of fact**

Summary judgment should not have been granted for plaintiffs on the issue of whether they had an easement by prescription over an area used for boating, swimming, and fishing. There were issues of fact about whether the disputed land was actively used and whether the use was hostile.

Appeal by defendants from order filed 17 April 2002 by Judge Samuel G. Grimes in Washington County District Court. Heard in the Court of Appeals 28 August 2003.

*Davis & Davis, by Geo. Thomas Davis, Jr., for plaintiff-appellees.*

*Manning Fulton & Skinner, by William C. Smith, Jr. and Evan B. Horwitz; and Edward J. Harper, II, for defendant-appellants.*

BRYANT, Judge.

William Arnold and Sharon Arnold (collectively defendants) appeal an order filed 17 April 2002 granting partial summary judg-

ment to Lorraine Keener, William and Mildred McMillen, Fred and Teddy Forsyth, Frank and Penelope L. Dawson, Jimmy Goodman, and Jane Moore (collectively plaintiffs) and requiring defendants to remove a bulkhead, a pier, and stobs placed on an 81-foot-long parcel of land (disputed area) owned by defendants in Washington County, North Carolina. (See illustration.)

On 5 November 1999, plaintiffs filed a complaint alleging they had an easement by grant or by prescription over a parcel of land bounded on the north by the waters of the Albemarle Sound, on the east by the lot of plaintiffs Dawsons, on the south by Arnold Beach Drive, and on the west by the lot of plaintiff Goodman, and that defendants interfered with the easement through the construction of a bulkhead, a pier and stobs, and other acts.

Plaintiffs are owners of lots in or adjacent to the Arnolds Beach Subdivision in Washington County. The subdivision was once owned by Mr. and Mrs. E. O. Arnold (original grantors). From 1962 to 1976, the original grantors granted an easement to some plaintiffs' predecessors in title.[1] The 1962 deed to the predecessor in title of plaintiff Goodman has the following relevant language:

> The parties of the first part have constructed a ramp between Lot No. 6 of the foregoing subdivision and the lot of Carl Stanfield [a predecessor in title of plaintiff Goodman], and that the second party may have the same use of said ramp for fishing and bathing, and the launching of his boats, so long as the said ramp is maintained by the [original grantors], but the foregoing use of the same is limited to the family of the party of the second part.

Lot No. 6 is next to and to the east of the lot of plaintiffs Dawsons.

The 1962 and 1967 deeds to the predecessors in title of plaintiffs Moore and McMillens do not mention the ramp.

The 1964 and 1968[2] deeds to the predecessors in title of plaintiffs Keener and Forsyths have the following relevant language:

> The parties of the first part have constructed a ramp between Lot No. 6 of the foregoing subdivision and the lot of Carl Stanfield, and that the second party may have the same use

---

1. The original grantors also issued deeds to others whose successors are not parties to this action.

2. We note minor differences between the deeds: (1) the plural of the word "party" and (2) the omission of three commas.

KEENER v. ARNOLD

[161 N.C. App. 634 (2003)]

of said ramp for fishing and bathing, and the launching of . . . boats, for that the said ramp was constructed for the use and enjoyment of the owners of the lots contained in the foregoing subdivision, forever.

The 1976 deed to the predecessor in title of plaintiffs Dawsons has the following relevant language:

[T]he parties of the first part do grant and convey unto the party of the second part, the right to use the boat ramp and picnic area leading from Arnold Beach Road to Albemarle Sound and lying between the lot of Jennie Arnold and the lot now or formerly owned by Carl Stanfield.

Plaintiffs' supporting affidavits indicate plaintiffs, their predecessors in title, and others in the community had used the easement for many years for launching boats, swimming, fishing, picnicking, and recreation. The affidavits also state plaintiffs and others in the community mowed and maintained the waterfront areas subject to the easement.

In their brief to this Court, defendants denied the existence of an easement over an 81-foot-long property adjacent to and east of plaintiff Goodman's lot. However, defendants concede plaintiffs have an easement over the 125-foot-long property located between the disputed area and the lot of plaintiffs Dawsons.[3] Defendants' affidavits state that defendants purchased the disputed area in 1994. After the purchase, defendants cleaned up the debris and constructed a bulkhead and a pier on the disputed area. Defendants observed nobody had used the disputed area, though occasionally some walked on it.

Plaintiffs moved for summary judgment. The trial court granted plaintiffs' motion as to liability and ordered defendants to remove the structures in the disputed area but reserved ruling on the issue of money damages.

The issue on appeal is whether the evidence undisputedly shows plaintiffs have an easement by grant or by prescription over the disputed land.

[1] A partial summary judgment on the issue of liability alone is interlocutory. N.C.G.S. § 1A-1, Rule 56(c) (2001). However, such an

3. Defendants submitted a non-certified survey map that labeled the boat ramp area as the 125-foot-long property between the disputed area and plaintiffs Dawsons' lot.

interlocutory judgment is immediately appealable if it affects a substantial right of the appealing party if the appeal is delayed. *Development Corp. v. James*, 300 N.C. 631, 635, 268 S.E.2d 205, 209 (1980); *Liggett Group v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). In the instant case, we hold that ordering the removal of substantial structures from real property affects defendants' substantial right, and therefore, the partial summary judgment is immediately appealable. *Development Corp.*, 300 N.C. at 636, 268 S.E.2d at 209 (mandatory injunction ordering the removal of concrete anchors placed on the plaintiffs' submerged lands affected the defendants' substantial right and was thus immediately appealable).

[2] Defendants argue factual issues exist as to whether plaintiffs have an easement by grant or by prescription over the disputed area and thus the trial court erred in granting plaintiffs' motion for summary judgment. We agree.

### Easement by grant

Deeds of easement are construed according to the rules of construction of contract so as to ascertain the intention of the parties as gathered from the entire instrument at the time it was created. . . . "[W]hen an easement is created by express conveyance and the conveyance is 'perfectly precise' as to the extent of the easement, the terms of the conveyance control."

. . . .

. . . [W]hen the width of an easement is not specifically defined in the grant, . . . then the "previously undefined width is then established by the rule of reasonable enjoyment." Under the doctrine of reasonable enjoyment, the width of an undefined easement is determined by considering the purpose of the easement and establishing a width necessary to effectuate that purpose.

*Intermount Distrib'n, Inc. v. Public Serv. Co. of N.C. Inc.*, 150 N.C. App. 539, 542, 563 S.E.2d 626, 629 (2002) (quoting *Williams v. Abernethy*, 102 N.C. App. 462, 464-65, 402 S.E.2d 438, 440 (1991) and *Sunnyside Valley Irrigation District v. Dickie*, 43 P.3d 1277, 1281 (Wash. Ct. App. 2002), *aff'd*, 73 P.3d 369, 376 (Wash. 2003)).

In *Intermount*, the plaintiff acquired title to land that was subject to an easement granted in 1955 in favor of the defendant. *Id.* at

539, 563 S.E.2d at 627. The easement agreement did not specify the width of the easement, but permitted the defendant "to maintain, construct, replace, change the size of, or lay one or more pipelines across the property for the transportation of natural gas and other materials that may be transported through a pipeline." Shortly after obtaining the easement, the defendant laid an eight-inch-diameter gas pipeline across the land. In 1997, the defendant began to construct a second pipeline across the land. The plaintiff disputed the defendant's right to do so under the easement. The trial court granted the plaintiff summary judgment, holding the easement was limited to eight inches. In reversing the trial court, this Court held that "[c]learly, the reasonableness of the amount of space needed to operate and maintain [the defendant's] pipelines raises a question of fact that precludes summary judgment." This Court remanded the case for a factual finding regarding the reasonableness of the amount of space needed to operate the defendant's pipelines.

As in *Intermount*, the relative location of the easement in the instant case is known, but the precise width of the easement is not defined. Although the 1962, 1964, and 1968 deeds of plaintiffs Goodman, Keener, and Forsyths, respectively, expressly specified the ramp as the area subject to the easement, they noted only the relative location of the ramp (i.e., "between Lot No. 6 . . . and the lot of Carl Stanfield"). Plaintiffs Dawsons' deed does not mention the precise location of the ramp, and the deeds of plaintiffs Moore and McMillens do not even mention the ramp. Of all the plaintiffs' deeds, none indicated the geographical extent of the ramp. As a result, the width of the easement should be determined by the doctrine of reasonable enjoyment; that is, considering the purpose of the easement and establishing a width necessary to effectuate that purpose. *See id.* at 541, 563 S.E.2d at 629.

The deeds of plaintiffs Goodman, Keener, and Forsyths indicate that the purpose of the easement is to allow the grantees to use the ramp for fishing, swimming, and launching boats. However, the parties dispute the width necessary to effectuate that purpose. Plaintiffs argue that the 125-foot-long property, the only area defendants concede is subject to the easement, is too limited an area to accommodate the various activities of fishing, swimming, and launching boats. Defendants respond that "[v]irtually, all of the activities described in the original [grantors'] grants involve aquatic pursuits—fishing, swimming, boating—which must be accomplished in the water, not the land[; a] narrow water access is consistent with this intent."

Because of this disagreement between the parties, the reasonableness of the amount of space needed to effectuate that purpose raises a question of fact that precludes summary judgment. *See id.*

### Easement by prescription

[3] Plaintiffs argue in the alternative that they have an easement by prescription over the disputed area. To establish an easement by prescription, a claimant must show the use of another's land: (1) is hostile and not permissive; (2) is open and notorious; (3) is continuous for twenty or more years; and (4) gives rise to a substantial identity of the easement. *Yadkin Valley Land Co., L.L.C. v. Baker*, 141 N.C. App. 636, 639, 539 S.E.2d 685, 688 (2000).

The use of another's land is presumed permissive. *Id.* To overcome this presumption, a claimant must prove a hostile use. *Id.* A hostile use is:

> "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." . . . "A party can give notice to the true owner by 'open and visible acts such as repairing or maintaining the way over [the true owner's] land.' "

*Id.* at 639-40, 539 S.E.2d at 688 (alteration in original) (citations omitted). Since plaintiffs must show all the above elements of easement by prescription, the existence of a question of fact on just one element should lead to the denial of plaintiffs' motion for summary judgment. *See id.* at 639, 539 S.E.2d at 688.

In the instant case, the evidence is in conflict as to the use and as to whether the alleged use of the disputed area was or has been hostile and not permissive. Plaintiffs' supporting affidavits indicate they (and others in the community) have used the areas subject to the easement, including the disputed area, for fishing, boating, picnicking, parking boat trailers, and launching and removing boats from the water, and have mowed and maintained those areas. However, defendants' supporting affidavits state that nobody has used the disputed area, which had been full of debris before defendants' purchase and cleaning up of debris. Because a question of fact exists as to whether the disputed land was actively used, and, if so, whether the use was hostile, plaintiffs were not entitled to summary judgment based on an easement by prescription. *See id.*

**KEENER v. ARNOLD**

[161 N.C. App. 634 (2003)]

In their briefs to this Court, defendants contend that, assuming plaintiffs had an easement over the disputed area, defendants' construction over the area did not interfere with the easement and that plaintiffs had abandoned the easement by littering on it and not using it. Since we have held that a genuine issue of material fact exists as to whether plaintiffs have an easement over the disputed area, the issues of interference and abandonment are not addressed.

Reversed and remanded.

Judges McGEE and GEER concur.