IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-90

No. COA20-308

Filed 6 April 2021

Gaston County, No. 18 CVS 3443

CAROLYN LOUISE GUNN TESTAMENTARY TRUST, by and through CYNTHIA M. ROWLEY, Trustee, Plaintiff,

v.

CAROLYN ELISE BUMGARDNER, and EUGENE TISELSKY, Defendants.

Appeal by defendants from orders entered 5 June 2019 by Judge Robert C. Ervin and 9 September 2019 by Judge Nathaniel J. Poovey in Gaston County Superior Court. Heard in the Court of Appeals 26 January 2021.

*Stott, Holowell, Palmer & Windham, L.L.P., by Aaron C. Low, for plaintiff-appellee.*

*Weaver, Bennett & Bland, P.A., by Bo Caudill, for defendants-appellants.*

DIETZ, Judge.

¶ 1        Defendants Carolyn Elise Bumgardner and Eugene Tiselsky brought this interlocutory appeal from an order purportedly granting a permanent injunction requiring them to make alterations to their property. The trial court entered that order on a motion for partial summary judgment, stating that the motion "is allowed with respect to the plaintiff's first cause of action for injunctive relief" and ruling that "plaintiff is entitled to judgment as a matter of law with respect to this claim."

¶ 2 As explained below, the language in the challenged order is insufficient to constitute a permanent injunction under Rule 65 of the Rules of Civil Procedure. Rule 65 requires a permanent injunction order to set forth the reasons for its issuance in specific terms and describe the scope of the injunction in detail. The challenged order does not do so; it is a routine grant of partial summary judgment on a legal claim. We therefore dismiss this appeal for lack of appellate jurisdiction. Defendants may take a new, interlocutory appeal from the permanent injunction order should the trial court ultimately enter one and the terms of that order impact a substantial right justifying an interlocutory appeal.

**Facts and Procedural History**

¶ 3 This dispute concerns an easement for access to an otherwise landlocked cottage. The underlying facts are not particularly relevant to the issues in this appeal, which concern entry of an order that the parties contend is a permanent injunction.

¶ 4 In the complaint, the Plaintiff, Carolyn Louise Gunn Testamentary Trust, alleged that Defendants Carolyn Elise Bumgardner and Eugene Tiselsky "erected a fence, trees, and shrubbery" that prevented the use and enjoyment of the easement on the property. The Trust sought a permanent injunction compelling removal of "the barriers of a fence, trees, and shrubbery" as well as monetary damages.

¶ 5 On cross-motions for partial summary judgment, the trial court entered partial summary judgment in favor of the Trust, stating that the Trust's motion "is allowed

with respect to the plaintiff's first cause of action for injunctive relief and the plaintiff is entitled to judgment as a matter of law with respect to this claim." The trial court's partial summary judgment order did not identify the acts enjoined or contain any other specific terms of injunctive relief; the order simply announced that the Trust was entitled to judgment as a matter of law on that claim. Defendants timely appealed the partial summary judgment order.

¶ 6        The week after filing their notice of appeal, Defendants moved for a stay of the trial court's order under Rule 62 of the Rules of Civil Procedure. The trial court denied that motion and, under the authority of Rule 62(c), entered injunctive relief pending appeal that required Defendants to immediately "remove any and all obstructions from the Plaintiff's use of the easement for regular vehicular traffic, including any and all fences, trees, shrubs, or bushes." Defendants likewise timely appealed that Rule 62(c) order.

## Analysis

¶ 7        We begin our analysis by examining our jurisdiction to hear this appeal. "Ordinarily, this Court hears appeals only after entry of a final judgment that leaves nothing further to be done in the trial court." *Vaitovas v. City of Greenville*, __ N.C. App. __, __, 844 S.E.2d 317, 318 (2020). The parties concede that this appeal is interlocutory because there are other claims still pending before the trial court and, thus, more to be done below.

¶ 8        But Defendants contend that this Court has jurisdiction because the challenged order affects a substantial right. *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019). Specifically, Defendants contend that the challenged order imposes a mandatory, permanent injunction requiring them to alter their property by removing fencing, trees, and shrubbery. They cite a long line of cases holding that mandatory injunctions compelling alterations to real property affect a substantial right. *See, e.g.*, *Keener v. Arnold*, 161 N.C. App. 634, 637, 589 S.E.2d 731, 733 (2003).

¶ 9        The flaw in this argument is that there is no permanent injunction in this case—although, to be fair, Defendants acknowledge this point, which is a key reason this appeal exists. Under our Rules of Civil Procedure, a permanent injunction must set forth the reasons for its issuance in specific terms and describe the scope of the injunction in detail:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts enjoined or restrained . . . .

N.C. R. Civ. P. 65(d).

¶ 10        This Court has emphasized that a purported injunction order that merely references requests for injunctive relief in "some other document is not sufficient to provide a description of the act or acts enjoined or restrained." *Gibson v. Cline*, 28

N.C. App. 657, 659, 222 S.E.2d 478, 479 (1976). For example, in *Wilner v. Cedars of Chapel Hill, LLC*, the plaintiffs' motion for summary judgment requested an injunction to stop defendants' efforts to "enforce certain affirmative covenants." 241 N.C. App. 389, 397, 773 S.E.2d 333, 339 (2015). The trial court granted the motion, stating simply: "Plaintiffs' motion for partial summary judgment is, allowed as to Plaintiffs' First, Third, Eighth and Tenth Claims for Relief as set forth in paragraphs numbered one through five in Plaintiff's motion." *Id.* Citing Rule 65, this Court vacated the order, holding that "the trial court's cursory handling of [the injunction] did not meet the standard of 'reasonable detail' concerning the 'act or acts enjoined or restrained.'" *Id.*

¶ 11    Here, too, the purported permanent injunction is insufficient under Rule 65. The trial court's order was a routine summary judgment ruling, stating only that the Trust's motion for partial summary judgment "is allowed with respect to the plaintiff's first cause of action for injunctive relief and the plaintiff is entitled to judgment as a matter of law with respect to this claim." It is not even clear from the record that the trial court believed the order should function as a permanent injunction; rather, the language chosen by the trial court suggests that the court likely intended to enter a permanent injunction order, detailing the precise scope of the injunction, at some future date. But that never happened because Defendants immediately appealed the partial summary judgment ruling, apparently because the

parties could not agree about whether the order had the effect of a permanent injunction.

¶ 12        To be sure, after Defendants appealed, the trial court entered a more detailed order with specific terms of injunctive relief. But that order was one expressly entered under Rule 62(c) as injunctive relief pending appeal. It is not a permanent injunction, but one that lasts only while the underlying appeal of the partial summary judgment ruling is pending. Moreover, a Rule 62(c) injunction pending appeal is appropriate only when "an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction." N.C. R. Civ. P. 62(c). Here, the trial court had not yet entered the underlying permanent injunction. Accordingly, the Rule 62(c) order is likewise insufficient to confer appellate jurisdiction on this Court. We therefore dismiss this appeal for lack of jurisdiction. As noted above, Defendants may take a new, interlocutory appeal from the permanent injunction order should the trial court ultimately enter one and the terms of that order impact a substantial right justifying an interlocutory appeal.

## Conclusion

¶ 13        We dismiss the appeal for lack of appellate jurisdiction.

DISMISSED.

Judges ARROWOOD and WOOD concur.