IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-90

 No. COA20-308

 Filed 6 April 2021

 Gaston County, No. 18 CVS 3443

 CAROLYN LOUISE GUNN TESTAMENTARY TRUST, by and through CYNTHIA
 M. ROWLEY, Trustee, Plaintiff,

 v.

 CAROLYN ELISE BUMGARDNER, and EUGENE TISELSKY, Defendants.

 Appeal by defendants from orders entered 5 June 2019 by Judge Robert C.

 Ervin and 9 September 2019 by Judge Nathaniel J. Poovey in Gaston County

 Superior Court. Heard in the Court of Appeals 26 January 2021.

 Stott, Holowell, Palmer & Windham, L.L.P., by Aaron C. Low, for plaintiff-
 appellee.

 Weaver, Bennett & Bland, P.A., by Bo Caudill, for defendants-appellants.

 DIETZ, Judge.

¶1 Defendants Carolyn Elise Bumgardner and Eugene Tiselsky brought this

 interlocutory appeal from an order purportedly granting a permanent injunction

 requiring them to make alterations to their property. The trial court entered that

 order on a motion for partial summary judgment, stating that the motion “is allowed

 with respect to the plaintiff’s first cause of action for injunctive relief” and ruling that

 “plaintiff is entitled to judgment as a matter of law with respect to this claim.”
 CAROLYN LOUISE GUNN TESTAMENTARY TR. V. BUMGARDNER

 2021-NCCOA-90

 Opinion of the Court

¶2 As explained below, the language in the challenged order is insufficient to

 constitute a permanent injunction under Rule 65 of the Rules of Civil Procedure. Rule

 65 requires a permanent injunction order to set forth the reasons for its issuance in

 specific terms and describe the scope of the injunction in detail. The challenged order

 does not do so; it is a routine grant of partial summary judgment on a legal claim. We

 therefore dismiss this appeal for lack of appellate jurisdiction. Defendants may take

 a new, interlocutory appeal from the permanent injunction order should the trial

 court ultimately enter one and the terms of that order impact a substantial right

 justifying an interlocutory appeal.

 Facts and Procedural History

¶3 This dispute concerns an easement for access to an otherwise landlocked

 cottage. The underlying facts are not particularly relevant to the issues in this appeal,

 which concern entry of an order that the parties contend is a permanent injunction.

¶4 In the complaint, the Plaintiff, Carolyn Louise Gunn Testamentary Trust,

 alleged that Defendants Carolyn Elise Bumgardner and Eugene Tiselsky “erected a

 fence, trees, and shrubbery” that prevented the use and enjoyment of the easement

 on the property. The Trust sought a permanent injunction compelling removal of “the

 barriers of a fence, trees, and shrubbery” as well as monetary damages.

¶5 On cross-motions for partial summary judgment, the trial court entered partial

 summary judgment in favor of the Trust, stating that the Trust’s motion “is allowed
 CAROLYN LOUISE GUNN TESTAMENTARY TR. V. BUMGARDNER

 2021-NCCOA-90

 Opinion of the Court

 with respect to the plaintiff’s first cause of action for injunctive relief and the plaintiff

 is entitled to judgment as a matter of law with respect to this claim.” The trial court’s

 partial summary judgment order did not identify the acts enjoined or contain any

 other specific terms of injunctive relief; the order simply announced that the Trust

 was entitled to judgment as a matter of law on that claim. Defendants timely

 appealed the partial summary judgment order.

¶6 The week after filing their notice of appeal, Defendants moved for a stay of the

 trial court’s order under Rule 62 of the Rules of Civil Procedure. The trial court denied

 that motion and, under the authority of Rule 62(c), entered injunctive relief pending

 appeal that required Defendants to immediately “remove any and all obstructions

 from the Plaintiff’s use of the easement for regular vehicular traffic, including any

 and all fences, trees, shrubs, or bushes.” Defendants likewise timely appealed that

 Rule 62(c) order.

 Analysis

¶7 We begin our analysis by examining our jurisdiction to hear this appeal.

 “Ordinarily, this Court hears appeals only after entry of a final judgment that leaves

 nothing further to be done in the trial court.” Vaitovas v. City of Greenville, __ N.C.

 App. __, __, 844 S.E.2d 317, 318 (2020). The parties concede that this appeal is

 interlocutory because there are other claims still pending before the trial court and,

 thus, more to be done below.
 CAROLYN LOUISE GUNN TESTAMENTARY TR. V. BUMGARDNER

 2021-NCCOA-90

 Opinion of the Court

¶8 But Defendants contend that this Court has jurisdiction because the

 challenged order affects a substantial right. Denney v. Wardson Constr., Inc., 264 N.C.

 App. 15, 17, 824 S.E.2d 436, 438 (2019). Specifically, Defendants contend that the

 challenged order imposes a mandatory, permanent injunction requiring them to alter

 their property by removing fencing, trees, and shrubbery. They cite a long line of

 cases holding that mandatory injunctions compelling alterations to real property

 affect a substantial right. See, e.g., Keener v. Arnold, 161 N.C. App. 634, 637, 589

 S.E.2d 731, 733 (2003).

¶9 The flaw in this argument is that there is no permanent injunction in this

 case—although, to be fair, Defendants acknowledge this point, which is a key reason

 this appeal exists. Under our Rules of Civil Procedure, a permanent injunction must

 set forth the reasons for its issuance in specific terms and describe the scope of the

 injunction in detail:

 Every order granting an injunction and every restraining
 order shall set forth the reasons for its issuance; shall be
 specific in terms; shall describe in reasonable detail, and
 not by reference to the complaint or other document, the
 act or acts enjoined or restrained . . . .

 N.C. R. Civ. P. 65(d).

¶ 10 This Court has emphasized that a purported injunction order that merely

 references requests for injunctive relief in “some other document is not sufficient to

 provide a description of the act or acts enjoined or restrained.” Gibson v. Cline, 28
 CAROLYN LOUISE GUNN TESTAMENTARY TR. V. BUMGARDNER

 2021-NCCOA-90

 Opinion of the Court

 N.C. App. 657, 659, 222 S.E.2d 478, 479 (1976). For example, in Wilner v. Cedars of

 Chapel Hill, LLC, the plaintiffs’ motion for summary judgment requested an

 injunction to stop defendants’ efforts to “enforce certain affirmative covenants.” 241

 N.C. App. 389, 397, 773 S.E.2d 333, 339 (2015). The trial court granted the motion,

 stating simply: “Plaintiffs’ motion for partial summary judgment is, allowed as to

 Plaintiffs’ First, Third, Eighth and Tenth Claims for Relief as set forth in paragraphs

 numbered one through five in Plaintiff’s motion.” Id. Citing Rule 65, this Court

 vacated the order, holding that “the trial court’s cursory handling of [the injunction]

 did not meet the standard of ‘reasonable detail’ concerning the ‘act or acts enjoined

 or restrained.’” Id.

¶ 11 Here, too, the purported permanent injunction is insufficient under Rule 65.

 The trial court’s order was a routine summary judgment ruling, stating only that the

 Trust’s motion for partial summary judgment “is allowed with respect to the

 plaintiff’s first cause of action for injunctive relief and the plaintiff is entitled to

 judgment as a matter of law with respect to this claim.” It is not even clear from the

 record that the trial court believed the order should function as a permanent

 injunction; rather, the language chosen by the trial court suggests that the court

 likely intended to enter a permanent injunction order, detailing the precise scope of

 the injunction, at some future date. But that never happened because Defendants

 immediately appealed the partial summary judgment ruling, apparently because the
 CAROLYN LOUISE GUNN TESTAMENTARY TR. V. BUMGARDNER

 2021-NCCOA-90

 Opinion of the Court

 parties could not agree about whether the order had the effect of a permanent

 injunction.

¶ 12 To be sure, after Defendants appealed, the trial court entered a more detailed

 order with specific terms of injunctive relief. But that order was one expressly entered

 under Rule 62(c) as injunctive relief pending appeal. It is not a permanent injunction,

 but one that lasts only while the underlying appeal of the partial summary judgment

 ruling is pending. Moreover, a Rule 62(c) injunction pending appeal is appropriate

 only when “an appeal is taken from an interlocutory or final judgment granting,

 dissolving, or denying an injunction.” N.C. R. Civ. P. 62(c). Here, the trial court had

 not yet entered the underlying permanent injunction. Accordingly, the Rule 62(c)

 order is likewise insufficient to confer appellate jurisdiction on this Court. We

 therefore dismiss this appeal for lack of jurisdiction. As noted above, Defendants may

 take a new, interlocutory appeal from the permanent injunction order should the trial

 court ultimately enter one and the terms of that order impact a substantial right

 justifying an interlocutory appeal.

 Conclusion

¶ 13 We dismiss the appeal for lack of appellate jurisdiction.

 DISMISSED.

 Judges ARROWOOD and WOOD concur.