E. E. MOCK AND WIFE, ALPHA MOCK v. JESS MOCK AND ANCIL MOCK (TESTER)

No. 8523SC85

(Filed 1 October 1985)

**Reformation of Instruments § 1.1— reformation of deed—unilateral mistake—summary judgment for defendants proper**

Summary judgment for defendants was proper in an action to reform a deed where plaintiffs had conveyed to defendants certain land on the condition that defendants look after plaintiffs for the rest of their lives and pay $2,000 to each of the living children of the male plaintiff within three years of his death, defendants had divorced and the feme defendant remarried, and plaintiffs had alleged that their agreement was only with the male defendant, that they had never intended for the feme defendant to be a grantee in the deed, and that her name was put in the deed through their mistake and that of the scrivener. The mistake of one party not induced by the fraud of the other is not enough.

APPEAL by plaintiffs from *Rousseau, Judge.* Order filed 6 September 1984 in Superior Court, ASHE County. Heard in the Court of Appeals 27 August 1985.

Plaintiff E. E. Mock is the father and his wife is the stepmother of the defendant, Jess Mock, who was once married to, but is now divorced from, Ancil Mock. In 1973 plaintiffs executed a deed conveying certain land to the defendants on condition that they look after plaintiffs for the rest of their lives and pay $2,000 to each of the living children of E. E. Mock within three years of his death. After the defendants were divorced and the feme defendant had remarried, plaintiffs sued to reform the deed, alleging in a verified complaint that their agreement was only with Jess Mock, that they never intended for Ancil Mock to be a grantee in the deed, and that her name was put in the deed through their mistake and that of the scrivener. In her answer defendant Ancil Mock (Tester), in substance, alleged that she and her former husband purchased the property involved on the conditions alleged by plaintiffs and that her name was properly

contained in the deed. She moved for summary judgment and in support thereof filed an affidavit to the effect that when she and Jess Mock purchased the land from plaintiffs she intended for her name to be placed on the deed as a joint grantee with Jess Mock and that no mistake was made in drawing the deed accordingly. No other evidence was submitted.

*Hall and Brooks, by John E. Hall, for plaintiff appellants.*

*Vannoy & Reeves, by Jimmy D. Reeves, for defendant appellee Ancil Mock (Tester).*

PHILLIPS, Judge.

While a written instrument may be reformed on the grounds of mutual mistake, the mistake that the law requires is that of both parties to the instrument. *Coppersmith v. Aetna Insurance Co.,* 222 N.C. 14, 21 S.E. 2d 838 (1942). The mistake of one party not induced by the fraud of the other is not enough. *Crawford v. Willoughby,* 192 N.C. 269, 134 S.E. 494 (1926). In this case no legal grounds for reforming the deed in question have either been pleaded or proved by plaintiffs and the order of summary judgment dismissing their claim was properly entered. Accepting plaintiffs' verified complaint as an affidavit and assuming that all the facts stated in the complaint are within their personal knowledge, what it amounts to is a claim and testimony that Ancil Mock's name was put in the deed due to the mistake of the plaintiffs and the attorney who drew the deed; which is not a "mutual mistake," but an unilateral mistake. *See* 76 C.J.S. *Reformation of Instruments* Sec. 28(d)(2) p. 368 (1952). Plaintiffs' reliance upon *Cameron v. Cameron,* 43 N.C. App. 386, 258 S.E. 2d 814 (1979) is misplaced. Though that case also involved a scrivener's mistake, the holding was not that a scrivener's mistake and that of one of the parties to an instrument is a basis for reformation; the holding was that the mutual mistake of the *parties* to the instrument in question had been shown by defendant's evidence to the effect that he and the plaintiff agreed that her name would not be in the instrument.

Affirmed.

Judges WELLS and WHICHARD concur.