WENDY G. BOGGESS AND HUSBAND, SCOTT BOGGESS, PLAINTIFFS v. RALPH SPENCER AND WIFE, BETTY SPENCER, R.L. SPENCER, JR., SUE S. LUFFMAN AND HUSBAND, ARVIL LUFFMAN, DEFENDANTS

No. COA05-118

(Filed 4 October 2005)

**1. Civil Procedure— directed verdict—close of plaintiffs' evidence**

Defendants waived their motion for a directed verdict made at the close of plaintiffs' evidence by presenting evidence.

**2. Civil Procedure— directed verdict—standard of review**

The standard of review for a denial of directed verdict is whether the evidence, considered in the light most favorable to the non-moving party, is sufficient to be submitted to the jury.

**3. Easements— necessity—sufficiency of evidence to go to jury**

The trial court did not err by refusing defendants' motion for a directed verdict at the close of all the evidence on the question of easement by necessity. An earlier conveyance had severed title to plaintiffs' property from that of defendants; no evidence shows public road access other than by a road over defendants'

property; and the road over defendants' property had been used by all of plaintiffs' predecessors in title as a means of ingress and egress.

**4. Appeal and Error— preservation of issues—review limited to questions in briefs**

The Court of Appeals did not consider the question of whether there was sufficient evidence of an easement by prescription to go to the jury where the jury did not reach the issue and defendants did not argue the issue on appeal. Review is limited to questions presented in the briefs.

Appeal by defendants from judgment entered 21 June 2004 by Judge David V. Byrd in Wilkes County District Court. Heard in the Court of Appeals 14 September 2005.

*McElwee Firm, PLLC, by John M. Logsdon, for plaintiffs-appellees.*

*Franklin Smith, for defendants-appellants.*

TYSON, Judge.

Ralph and Betty Spencer, R.L. Spencer, Jr., Sue S. and Arvil Luffman (collectively, "defendants") appeal from judgment entered 21 June 2004 after a jury found Wendy G. and Scott Boggess (collectively, "plaintiffs") to have an easement by necessity over defendants' property. We affirm.

I.  Background

Plaintiffs are the owners of a parcel of land containing approximately 4.09 acres located in Wilkes County. Defendants are the owners of a parcel adjoining plaintiffs' property. The relevant conveyances with respect to these properties are as follows:

1) By deed dated 12 April 1933, J.C. and Maggie Spencer conveyed a northern portion of their property consisting of 3.5 acres to W.F. and Callie Gilliam. On the same day, W.F. and Callie Gilliam conveyed a southern portion of their property consisting of 3.5 acres to Lionel Spencer and wife, Irene Spencer. This property is the subject of this appeal.

2) By deed dated 14 January 1943, J.C. and Maggie Spencer conveyed the remainder of their property to Lionel Spencer and wife, Irene Spencer. Following this conveyance, Lionel and Irene Spencer

owned both the ninety-seven acre parcel and the adjacent 3.5 acre parcel acquired from W.F. and Callie Gilliam.

3) By deed dated 8 October 1943, Lionel and Irene Spencer conveyed the 3.5 acre parcel back to W.F. and Callie Gilliam.

4) By a series of mesne conveyances, the 3.5 acre parcel at issue was acquired by Henry Harp. Henry Harp conveyed the parcel to plaintiff Wendy Boggess on 11 August 1989. A new survey was performed prior to the 11 August 1989 conveyance and the original 3.5 acres was increased to 4.09 acres. The identical property is described in all previous deeds in the chain of title as the 3.5 acre parcel originally deeded by W.F. and Callie Gilliam to Lionel and Irene Spencer.

Plaintiffs' property does not adjoin a public road. Defendants' property adjoins Secondary Road 2026 ("Murray Road"), but its primary means of access is along a gravel road known as the "Old Ozark Road," which runs through the property of others. The sole issue at trial was whether plaintiffs have a right-of-way along an existing gravel road which extends from plaintiffs' property, across the creek, and through defendants property, to Old Ozark Road, which connects with Murray Road.

There is no written, recorded right-of-way describing this road. Plaintiffs retained an attorney to search the title prior to purchasing the property and were advised no written right-of-way was being acquired. Plaintiffs were also advised that the property had been conveyed thirteen previous times and none of the deeds contained a right-of-way description. Plaintiffs did not discuss the right-of-way with defendants prior to their purchase of the property. The existing gravel road served as ingress and egress to plaintiffs' property across defendants' property and was used by all previous owners of plaintiffs' property.

In or about 2000, plaintiff Scott Boggess approached defendant Ralph Spencer and offered to pay $3,000.00 for a written right-of-way, which defendant Ralph Spencer rejected. Shortly thereafter, defendants erected a sign along the gravel road stating, "Right of Way by Permission Only—The Spencers." Defendants did not revoke any oral consent for plaintiffs to use the road. As a result of the placement of the sign, plaintiffs were unable to sell their property to at least two prospective buyers.

Plaintiffs filed suit on 3 October 2002 and the case was heard on 27 April 2004. Defendants moved for a directed verdict pursuant to

N.C. Gen. Stat. § 1A-1, Rule 50. The trial court reserved its ruling on this motion until the close of all the evidence. Defendants renewed their motion for a directed verdict at the close of all the evidence and the trial court denied their motion.

The issues presented to the jury were whether plaintiffs were entitled to an easement by necessity across defendants' property and whether plaintiffs were entitled to an easement by prescription across defendants' property. Although the issue of prescriptive easement went to the jury in accordance with the jury instructions and the verdict sheet, the jury did not reach this issue. The jury returned a verdict in favor of plaintiffs finding that plaintiffs were entitled to an easement by necessity across defendants' property that existed along the gravel road. Defendants appeal.

## II. Issue

The issue on appeal is whether the trial court erred in failing to grant defendants' motion for a directed verdict at the close of plaintiffs' evidence and at the close of all evidence.

## III. Directed Verdict

### A. At the Close of Plaintiffs' Evidence

[1] Defendants first contend the trial court erred in denying their motion for a directed verdict at the close of plaintiffs' evidence. We disagree.

> When a motion is made for directed verdict at the close of the plaintiff's evidence, the trial court may either rule on the motion or reserve its ruling on the motion. By offering evidence, however, a defendant waives its motion for directed verdict made at the close of plaintiff's evidence. Accordingly, if a defendant offers evidence after making a motion for directed verdict, "any subsequent ruling by the trial judge upon defendant's motion for directed verdict must be upon a renewal of the motion by the defendant at the close of all the evidence, *and the judge's ruling must be based upon the evidence of both plaintiff and defendant.*"

*Cox v. Steffes*, 161 N.C. App. 237, 242, 587 S.E.2d 908, 912 (2003) (quoting *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 136-37, 539 S.E.2d 331, 332 (2000)). Defendants moved for directed verdict at the close of plaintiffs' evidence. The trial court reserved its ruling on the motion and defendants proceeded to present evidence. By pre-

senting evidence, defendants waived the motion for directed verdict made at the close of plaintiffs' evidence. *Id.* This assignment of error is dismissed.

### B. At the Close of All Evidence

**[2]** Defendants next contend the trial court erred in failing to grant defendants' motion for directed verdict at the close of all evidence. In deciding whether to grant or deny a motion for directed verdict, "the trial court must accept the non-movant's evidence as true and view all the evidence in the light most favorable to him." *Williamson v. Liptzin*, 141 N.C. App. 1, 9-10, 539 S.E.2d 313, 318-19 (2000) (citations omitted). The trial court should deny the motion if there is "more than a scintilla of evidence supporting each element of the non-movant's claim." *Id.* at 10, 539 S.E.2d at 319. The standard of review of a denial of a motion for directed verdict is whether the evidence, considered in a light most favorable to the non-moving party, is sufficient to be submitted to the jury. *Di Frega v. Pugliese*, 164 N.C. App. 499, 505, 596 S.E.2d 456, 461 (2004) (citation omitted).

### IV. Easement by Necessity

**[3]** Defendants argue the trial court erred in denying their motion for directed verdict on the issue of whether plaintiffs have an easement by necessity across defendants' property. We disagree.

> A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over the land retained by the grantor or land owned by a stranger. An implied easement of necessity arises only by implication in favor of a grantee and his privies as against a grantor and his privies.

*Wilson v. Smith*, 18 N.C. App. 414, 417, 197 S.E.2d 23, 25 (1973) (citations omitted). It is not necessary that the party claiming the easement show absolute necessity. An easement by necessity may arise even where other inconvenient access to the parcel in question exists.

> It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that grantor intended grantee should have the right to continue to use the road in the same manner and to the same extent which his grantor had used it, because such use was reasonably necessary to the "fair," "full," "convenient and comfortable," enjoyment of his property.

**BOGGESS v. SPENCER**

[173 N.C. App. 614 (2005)]

*Smith v. Moore*, 254 N.C. 186, 190, 118 S.E.2d 436, 439-40 (1961) (internal quotations omitted).

Lionel and Irene Spencer acquired the 3.5 acre parcel now owned by plaintiffs from W.F. and Callie Gilliam by deed dated 12 April 1933. The parcel had no access to a public road. By deed dated 14 January 1943, Lionel and Irene Spencer acquired an adjoining ninety-seven acre parcel from J.C. and Maggie Spencer. This is the same servient parcel over which the easement at issue runs. After that conveyance, Lionel and Irene Spencer owned both the 3.5 acre parcel and the adjoining ninety-seven acre parcel. Lionel and Irene Spencer conveyed the 3.5 acre parcel to W.F. and Callie Gilliam by deed dated 8 October 1943. An easement by necessity is created, if at all, upon severance of title from common ownership. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 37 (1986). Title to plaintiffs' property was severed from common ownership by the 8 October 1943 deed from Lionel and Irene Spencer to W.F. and Callie Gilliam.

No evidence in the record shows W.F. and Callie Gilliam had public road access to plaintiffs' parcel by means other than the gravel road over defendants' property. The road over defendants' property had been used by all of plaintiffs' predecessors in title as a means of ingress and egress. Plaintiffs met their burden of showing an easement by necessity arose upon the conveyance from Lionel and Irene Spencer to W.F. and Callie Gilliam. Based upon the evidence, the jury found Lionel and Irene Spencer intended W.F. and Callie Gilliam and their successors in title to "have the right to continue to use the road in the same manner and to the same extent" which plaintiffs' predecessors in title used it. *Smith*, 254 N.C. at 190, 118 S.E.2d at 439-40. This assignment of error is overruled.

## V. Easement by Prescription

[4] Defendants also argued in their motion for directed verdict that insufficient evidence was presented on the issue of whether plaintiffs had an easement by prescription across defendants' property. The jury did not reach this issue and defendants failed to argue the issue of an easement by prescription on appeal. Our review is limited to questions presented in the briefs. N.C.R. App. P. 28(a) (2004). We do not consider this issue.

## VI. Conclusion

Defendants waived their motion for directed verdict at the close of plaintiffs' evidence by presenting evidence. The trial court did not

err in denying defendants' motion for directed verdict at the close of all evidence. Sufficient evidence was introduced to submit the issue to the jury of whether plaintiffs acquired an easement by necessity over defendants' property. The trial court's judgment is affirmed.

Affirmed.

Judges HUNTER and STEELMAN concur.