GARY WOODRING AND HENRY WOODRING, PLAINTIFFS v. ROBERT K. SWIETER,
A/K/A ROBERT K. SWIETER, SR., STEVEN J. SWIETER AND WIFE, REBECCA
PIERUCCI-SWIETER, THOMAS ANDREW STAHL AND WIFE, VIRGINIA R. STAHL,
F/K/A VIRGINIA R. SWIETER AND A/K/A VIRGINIA VARIAN SWIETER STAHL,
MARK S. SWIETER AND WIFE, KIMBERLY SWIETER, ROBERT K. SWIETER, JR.
AND WIFE, ELAINE G. SWIETER, AND BLUE RIDGE MOUNTAIN SPRING WATER
COMPANY, INC., DEFENDANTS, AND JEROME C. HERRING, TRUSTEE, LIEN HOLDER

No. COA05-1367

(Filed 5 December 2006)

## 1. Appeal and Error— appealability—lack of standing

Plaintiff Henry Woodring's appeal concerning defendants'
right to easements across plaintiffs' property is dismissed based
on lack of standing, because: (1) the evidence established that he
did not, at the time of the filing of the lawsuit, own any of the
property over which the claimed easements run when he con-
veyed any and all interest in the Woodring tract to the other
plaintiff prior to the filing of the complaint; and (2) the purport-
edly mistaken quitclaim deed was valid until the correction deed
was recorded.

## 2. Easements— appurtenant—lessee

The trial court erred by granting summary judgment in favor
of all defendants with respect to a waterline easement without
distinguishing between defendants, because: (1) the parties do
not dispute that the easements asserted by defendants must be
appurtenant to the Swieter Tract; (2) defendant Water Company
is a lessee and not an owner of the Swieter Tract, and thus, the
Water Company could not have an ownership interest in the ease-
ments claimed by the Swieter defendants; and (3) by failing to
distinguish between the actual owners of the dominant estate and
their lessee, the trial court's order necessarily grants the same
rights in the easement to all defendants.

## 3. Easements— by prescription under color of title—implied by prior use—implied by necessity—by estoppel

The trial court erred by awarding defendants summary judg-
ment for their four easement theories including easement by pre-
scription under color of title, easement implied by prior use,
easement implied by necessity, and easement by estoppel, and
also erred by failing to grant summary judgment in favor of plain-
tiff on his claim that defendants were not entitled to a waterline

easement, because: (1) defendants have not satisfied the requisite period for an easement by prescription and have not demonstrated their entitlement to rely on the shorter period provided by the doctrine of color of title; (2) as to implied easements, defendants failed to show that the installation of a waterline was intended by the parties to the original transfer from common ownership or reasonably necessary to defendants' use of the property; and (3) the record contains insufficient evidence to support a finding of an easement by estoppel when none of the affidavits or requested admissions attached to defendants' motion for summary judgment indicate that plaintiff had knowledge that defendants had installed a waterline along Creek Road, and none of the evidence suggested that plaintiff led defendants to believe they had an easement that allowed installation of an underground commercial waterline.

**4. Appeal and Error— preservation of issues—failure to argue**

Although plaintiff contends the trial court erred by granting summary judgment in favor of defendants with respect to plaintiff's claims for trespass, nuisance, unjust enrichment, and unfair trade practices, only the trespass claim will be addressed because: (1) plaintiff's brief includes argument only as to the trespass claim; and (2) the remaining claims are deemed abandoned under N.C. R. App. P. 28(a).

**5. Trespass— no legally recognized interest—expiration of statute of limitations**

The trial court did not err by granting summary judgment in favor of defendants on plaintiff's trespass claim, because: (1) plaintiff obtained no legally recognized interest in the Woodring Tract until Henry Woodring deeded his interest in the two acre parcel to plaintiff in November 1998 approximately six years after the installation of the waterline (the date when the original trespass was committed); and (2) even assuming arguendo that plaintiff did have a legally recognized interest in the Woodring Tract at the time of defendants' trespass, plaintiff's claim would be barred by the applicable three-year statute of limitations under N.C.G.S. § 1-52(3) since the waterline was an actual encroachment on plaintiff's land for which damages could be adequately measured in a single action as a continuing rather than a recurring trespass, and plaintiff filed this lawsuit in 2004 although the disputed waterline was completed in 1992.

Appeal by plaintiffs from orders entered 16 May and 5 July 2005 by Judge Zoro J. Guice, Jr. in Watauga County Superior Court. Heard in the Court of Appeals 6 June 2006.

*Charles E. Clement and Jeffery M. Hedrick for plaintiffs-appellants.*

*di Santi Watson Capua & Wilson, by Anthony S. di Santi, for defendants-appellees.*

GEER, Judge.

Plaintiffs Gary and Henry Woodring appeal from two orders of the superior court awarding summary judgment to defendants, Robert K. Swieter, Sr., Steven J. Swieter, Rebecca Pierucci-Swieter, Thomas Andrew Stahl, Virginia R. Stahl, Mark S. Swieter, Kimberly Swieter, Robert K. Swieter, Jr., Elaine G. Swieter (collectively "the Swieter defendants"), and Blue Ridge Mountain Spring Water Company, Inc. ("the Water Company"). The trial court concluded that defendants were entitled to: (1) an easement across plaintiffs' property for ingress and egress; and (2) an underground easement to maintain a water pipeline for transporting spring water from their property to a state road for sale. At oral argument before this Court, plaintiffs conceded that the Swieter defendants have an easement for ingress and egress. As a result, the primary issue remaining on appeal is whether the trial court properly concluded, as a matter of law, that defendants have acquired an easement for their waterline.

Because the evidence establishes that Henry Woodring did not, as of the filing of the lawsuit, own any of the property over which the claimed easements run, we dismiss plaintiff Henry Woodring's appeal for lack of standing. With respect to the pipeline easement, we hold that the trial court erred in granting summary judgment to defendants. The evidence in the record establishes no basis upon which defendants are entitled to an easement for their pipeline. Defendants were, however, entitled to summary judgment on plaintiff Gary Woodring's claims for trespass, nuisance, unjust enrichment, and unfair trade practices. Accordingly, we dismiss in part, affirm in part, and reverse and remand in part.

## Facts

This case involves six pieces of real estate and one right of way. Three of the real estate parcels are presently owned by plaintiffs: a 23.5 acre tract owned jointly by plaintiffs Gary and Henry Woodring;

WOODRING v. SWIETER

[180 N.C. App. 362 (2006)]

a 28.62 acre tract owned solely by plaintiff Gary Woodring; and a 2 acre tract also owned solely by plaintiff Gary Woodring. These three tracts adjoin to create a rough vertical rectangle (the "Woodring Tract").

The Swieter defendants own three large adjoining parcels that form a rough "horseshoe" around the west, north, and east sides of the Woodring Tract (the "Swieter Tract"). The Swieter Tract is comprised of: a 50 acre parcel, adjoining the west side of the Woodring Tract and extending northward; a 43.941 acre parcel, adjoining the north side of the Woodring Tract; and a 51.645 acre parcel extending about one third of the way down the eastern side of the Woodring Tract.

State Road 1335 is located south of both the Woodring and Swieter Tracts. Access to the Swieter Tract is provided by "Creek Road," which runs north/south between the lower western corner of the easternmost Swieter parcel and State Road 1335. As Creek Road heads south from the Swieter Tract, it curves slightly west into the Woodring Tract, traveling through it until reaching State Road 1335.

Although plaintiffs once resided on the Woodring Tract, they left North Carolina and moved to Texas in 1971. In 1978, certain members of the Swieter family acquired the 43.941 acre and 51.645 acre parcels of the Swieter Tract from their predecessors in interest, the Gilleys. The deed for this transaction included a conveyance of all "right, title and interest" the Gilleys had in any rights of way leading to the Swieter Tract. The parties agree that this conveyance refers to Creek Road, and, at oral argument, plaintiffs conceded that this did in fact convey a valid roadway easement, appurtenant to the Swieter Tract, over Creek Road.

Shortly after acquiring the property in 1978, the Swieter family improved Creek Road, which was at that time substantially washed out, overgrown, and unreachable by car. The Swieters have since used Creek Road continuously as their only means of access to and from State Road 1335.

In 1991, certain members of the Swieter family formed the Water Company to sell natural spring water found on the Swieter Tract. In 1992, the members of the Swieter family with ownership interests in the Water Company executed two easements to the Water Company: one granting access to the Swieter Tract via Creek Road and the other

"for the purpose of installing, inspecting, maintaining and repairing a potable water line" along Creek Road.

An underground waterline was subsequently installed along Creek Road to transmit water from the Swieter Tract to a filling station installed by the Swieters pursuant to a lease on a third party's property near the State Road. During this project, the Swieters also improved Creek Road by widening the road and adding more gravel and culverts to facilitate proper maintenance.

The Water Company leased a 10 acre portion of the northern 43.941 acre parcel of the Swieter Tract in 1994. Since 1992, the Water Company has continuously inspected, maintained, and repaired Creek Road and piped water through the underground waterline.

In 1998, plaintiff Henry Woodring returned to North Carolina for the first time since 1971 and discovered defendants' improvements and alterations on Creek Road. On 6 May 2004, plaintiffs filed suit against defendants in Watauga County Superior Court, alleging trespass, unjust enrichment, and unfair trade practices. Following discovery, the parties filed cross-motions for summary judgment, and, on 16 May 2005, Judge Zoro J. Guice, Jr. denied both plaintiffs' and defendants' motions with respect to the waterline easement along Creek Road, but awarded defendants summary judgment "as to a roadway easement for ingress and egress." Following a motion by plaintiffs to reconsider, however, Judge Guice also awarded defendants summary judgment "as to a waterline easement running along the roadway easement." Plaintiffs timely appealed to this Court.

I

[1] We first address defendants' contentions related to plaintiff Henry Woodring's standing. Standing "refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). " 'If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim.' " *Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005) (quoting *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, *disc. review denied*, 359 N.C. 632, 613 S.E.2d 688 (2005)), *aff'd per curiam*, 360 N.C. 398, 627 S.E.2d 461 (2006). As is generally the case with issues impacting our subject

matter jurisdiction, the issue of standing may be raised for the first time on appeal. *Town of Spruce Pine v. Avery County*, 123 N.C. App. 704, 710, 475 S.E.2d 233, 237 (1996), *rev'd on other grounds*, 346 N.C. 787, 488 S.E.2d 144 (1997).

Defendants contend Henry Woodring lacked any interest in the Woodring Tract on the date plaintiffs brought this action. Standing is assessed at the time the complaint is filed. *Messer v. Town of Chapel Hill*, 346 N.C. 259, 260, 485 S.E.2d 269, 270 (1997). Henry deeded his interest in the 2 acre portion of the Woodring Tract to Gary Woodring in November 1998 and subsequently quitclaimed his interests in the 28.62 acre and 23.5 acre parcels to Gary on 3 July 2003. Plaintiffs Henry and Gary Woodring then jointly filed this suit on 6 May 2004. As Henry had conveyed any and all interest in the Woodring Tract to Gary prior to the filing of the complaint, Henry lacked standing to bring this action. *See Beachcomber Props., L.L.C. v. Station One, Inc.*, 169 N.C. App. 820, 824, 611 S.E.2d 191, 194 (2005) (plaintiff did not have standing when it neither owned nor had contracted to purchase any portion of disputed real property).

Henry nonetheless argues that he had standing because Henry and Gary meant for the 3 July 2003 quitclaim deed to convey separate real property unrelated to this action, and the quitclaim's inclusion of his portions of the Woodring Tract was purely accidental. Plaintiffs point to the fact that, on 15 April 2005, they filed a correction deed to this effect.

In the absence of some other fatal defect, deeds containing mutual mistakes are merely voidable and not void. *See* 23 Am. Jur. 2d *Deeds* § 191 (2002) ("Mistake renders a deed voidable only. The deed, in other words, conveys title to the grantee therein . . . ."). *See also Mock v. Mock*, 77 N.C. App. 230, 231, 334 S.E.2d 409, 409 (1985) ("[A] written instrument *may be reformed* on the grounds of mutual mistake . . . ." (emphasis added)). Such deeds are, therefore, valid until challenged. *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 676, 360 S.E.2d 772, 777 (1987) (noting that a void order is " 'a nullity and may be attacked . . . *or may simply be ignored*,' " whereas " 'a voidable order *stands until it is corrected*' " (emphases added) (quoting *State v. Sams*, 317 N.C. 230, 235, 345 S.E.2d 179, 182 (1986))). The purportedly mistaken quitclaim deed thus was valid until the correction deed was recorded. As a result, at the time the complaint was filed, Henry had effectively conveyed all of his interest in the Woodring Tract to Gary, and Henry lacked standing to bring this claim. Henry's appeal is, therefore, dismissed.

II

[2] We next consider plaintiff Gary Woodring's argument that, by failing to distinguish between the Swieter defendants and the Water Company, the trial court's summary judgment order effectively granted the Water Company ownership over the claimed easements. Plaintiff contends that because the Water Company was merely a lessee—rather than an owner—of a portion of the Swieter Tract, it could not own an easement.

"[A]n easement appurtenant is incident to and exists only in connection with a dominant estate . . ., pertains to the enjoyment of the dominant estate, and is incapable of existence separate and apart from the land to which it is annexed." *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 630, 265 S.E.2d 379, 385 (1980) (internal citations omitted). As appurtenant easements can exist only in connection with their dominant estates, they cannot be conveyed or owned separate from the land to which they are appurtenant. *See* 1 James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 15-3, at 692-93 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) (noting appurtenant easements cannot be conveyed independently of their dominant estates).

In contrast, "an easement is in gross [if] there is no dominant tenement; . . . and [is] personal to the grantee because it is not appurtenant to other premises. An easement in gross attaches to the person and not to land." *Shingleton v. State*, 260 N.C. 451, 454, 133 S.E.2d 183, 186 (1963) (internal citations omitted). Certain types of easements in gross may be independently conveyed. *See* 1 Webster, *supra* § 15-4, at 693-94 (noting easements in gross may be separately assignable).

Here, the parties do not dispute that the easements asserted by plaintiffs must be appurtenant to the Swieter Tract. It is also undisputed that the Water Company is a lessee and not an owner of the Swieter Tract. Accordingly, the Water Company could not have an ownership interest in the easements claimed by the Swieter defendants.

The trial court's summary judgment order grants summary judgment to all the defendants without distinguishing among them. By failing to distinguish between the actual owners of the dominant estate and their lessee, however, the trial court's order necessarily grants the same rights in the easements to all defendants. Because

**WOODRING v. SWIETER**

[180 N.C. App. 362 (2006)]

the Water Company could not have ownership of an easement appurtenant to its landlord's land, we conclude this aspect of the trial court's ruling was error. As we are reversing for the reasons specified below, we instruct the trial court on remand to distinguish between defendants in any subsequent orders.[1]

## III

[3] Plaintiff next argues that the trial court erred in awarding defendants summary judgment, as genuine issues of material fact existed for each of defendants' four easement theories: easement by prescription under color of title, easement implied by prior use, easement implied by necessity, and easement by estoppel. Plaintiff contends alternatively that he was entitled to summary judgment with respect to defendants' claims.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). The moving party bears the burden of showing a lack of triable issues of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). Once the moving party meets this burden, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).[2]

---

1. We note that, although ownership of appurtenant easements cannot be conveyed away from their dominant estates, a lessee of a dominant tenement is entitled to utilize its appurtenant easements. *See Root v. Allstate Ins. Co.*, 272 N.C. 580, 589, 158 S.E.2d 829, 836 (1968) (noting a lease " 'carries with it everything properly appurtenant to, that is, essential or reasonably necessary to the full beneficial use and enjoyment of the property [leased]' " (quoting *Rickman Mfg. Co. v. Gable*, 246 N.C. 1, 15, 97 S.E.2d 672, 681-82 (1957)).

2. We note that defendants, as part of their effort to support the trial court's order, have appended to their brief a letter from plaintiff Gary Woodring dated *after* the order presently on appeal. As we are reviewing the correctness of the decision below, we may consider only those materials submitted to the trial judge. *See* N.C.R. App. P. 9(a) (noting "review is solely upon the record on appeal, the verbatim transcript of proceedings, . . . and any items filed with the record on appeal"). Moreover, the inclusion in an appendix of materials from outside the record violates our appellate rules and may subject a party to sanctions. *See* N.C.R. App. P. 28(d) (describing proper contents of appendices); *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 857-58 (declining to consider a "document not in the record and not permitted under N.C.R. App. P. 28(d) in an appendix to its brief"), *disc. review and cert. denied*, 343 N.C. 511, 472 S.E.2d 8 (1996). Consequently, we have not considered the letter on appeal. In our discretion, we elect not to impose sanctions upon defendants. *See* N.C.R.

## A. Easement by Prescription

In order to establish an easement by prescription, a claimant must meet the following criteria: (1) the use must be adverse, hostile, or under a claim of right; (2) the use must be open and notorious; (3) the use must be continuous and uninterrupted for a period of 20 years; and (4) there must be substantial identity of the easement claimed. *Concerned Citizens of Brunswick County Taxpayers Ass'n v. State*, 329 N.C. 37, 45, 404 S.E.2d 677, 682 (1991). The burden of proving the elements essential to the acquisition of an easement by prescription is on the party claiming the easement. *Id.*

Here, we need only address the third element: whether defendants' use has been continuous and uninterrupted for the required prescriptive period, which is ordinarily 20 years. *Id.* Having installed the waterline in or around 1992, defendants plainly have not met this burden. Defendants nevertheless argue that summary judgment in their favor was proper because they utilized the purported waterline easement under "color of title" for more than seven years. In contrast to the ordinary 20-year period, if a party obtains ownership under color of title, then the period of time for which the party must adversely possess the property is shortened to 7 years. N.C. Gen. Stat. § 1-38(a) (2005).

Although the color of title doctrine had previously been applied primarily to obtaining ownership in fee simple by adverse possession, this Court held in *Higdon v. Davis*, 71 N.C. App. 640, 647-48, 324 S.E.2d 5, 11-12 (1984), *aff'd in part and rev'd in part*, 315 N.C. 208, 337 S.E.2d 543 (1985), that the doctrine was equally applicable to obtaining an easement by prescription. The Supreme Court, however, in partially affirming and reversing the Court of Appeals in *Higdon*, specifically declined to address whether an easement in North Carolina could be acquired by prescription under color of title. *See* 315 N.C. at 217, 337 S.E.2d at 548 ("Because we find that the evidence as a matter of law does not support a finding of seven years' use of the easement under color of title, we decline to decide whether in North Carolina an easement may be acquired by seven years' adverse use under color of title."). *But see* 1 Webster, *supra* § 15-18, at 721 ("If a landowner can lose a full fee simple absolute to a claimant succeeding under the adverse possession by color of title

---

App. P. 25(b) ("A court of the appellate division may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with these appellate rules.").

doctrine, there is logic to the argument that an easement, a mere incorporeal hereditament, could be acquired by a claimant under the same theory . . . .").

For purposes of this opinion, we assume, without deciding, that the doctrine of color of title applies to easements by prescription. " 'Color of title is generally defined as a written instrument which purports to convey the land described therein but fails to do so because of a want of title in the grantor or some defect in the mode of conveyance.' " *Hensley v. Ramsey*, 283 N.C. 714, 732, 199 S.E.2d 1, 12 (1973) (quoting *Price v. Tomrich Corp.*, 275 N.C. 385, 391, 167 S.E.2d 766, 770 (1969)).

The Swieter defendants contend they have color of title for a waterline easement by virtue of their deed from the Gilleys. The deed from the Gilleys refers only to defendants' "right-of-way" over Creek Road and makes no mention of any underground waterline rights. "A deed offered as color of title is such only for the land designated and described in it." *McDaris v. Breit Bar "T" Corp.*, 265 N.C. 298, 300, 144 S.E.2d 59, 61 (1965). *See also* 1 Webster, *supra* § 14-11, at 659 n.116. Further, " 'when an easement is created by express conveyance and the conveyance is "perfectly precise" as to the extent of the easement, the terms of the conveyance control.' " *Intermount Distrib., Inc. v. Public Serv. Co. of N.C., Inc.*, 150 N.C. App. 539, 542, 563 S.E.2d 626, 629 (2002) (quoting *Williams v. Abernethy*, 102 N.C. App. 462, 464-65, 402 S.E.2d 438, 440 (1991)). As the deed from the Gilleys provides only a right of way over Creek Road, it fails to provide the Swieter defendants with color of title to a waterline easement located under the road. *Cf. Swaim v. Simpson*, 120 N.C. App. 863, 463 S.E.2d 785 (1995) (express easement only for ingress and egress did not permit installation of underground utility pipes), *aff'd per curiam*, 343 N.C. 298, 469 S.E.2d 553 (1996).

Defendant Water Company, on the other hand, contends it has color of title under deeds from members of the Swieter family purporting to grant or assign to the Water Company an easement under Creek Road "for the purpose of installing, inspecting, maintaining and repairing a potable water line." As noted previously, however, the Water Company could not obtain ownership of an easement appurtenant to its landlord's estate, whether under color of title or otherwise. *See* 1 Webster, *supra* § 15-3, at 692-93. Rather, the Water Company, as lessee, is entitled to no more than use of the appurtenant easements of the dominant estate. *See Root*, 272 N.C. at 589,

158 S.E.2d at 836. Consequently, the Water Company failed to obtain color of title to the waterline easement under its deeds from the Swieters.[3] Because of the failure of the defendants to demonstrate their entitlement to an easement by prescription under color of title, this theory cannot support the trial court's entry of summary judgment in their favor.

B. Easement Implied by Prior Use

To establish an easement implied by prior use, a party must prove that: (1) there was a common ownership of the dominant and servient parcels and a transfer which separates that ownership; (2) before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous, and permanent; and (3) the claimed easement is necessary to the use and enjoyment of the claimant's land. *Tedder v. Alford*, 128 N.C. App. 27, 32-33, 493 S.E.2d 487, 490 (1997), *disc. review denied*, 348 N.C. 290, 510 S.E.2d 917 (1998). "Once these elements are established, 'an "easement from prior use" may be implied to "protect the probable expectations of the grantor and the grantee that *an existing use of part of the land would continue after the transfer.*" ' " *Id.* at 33, 493 S.E.2d at 490 (emphasis added) (quoting *Curd v. Winecoff*, 88 N.C. App. 720, 724, 364 S.E.2d 730, 732 (1988)). Although it is unclear whether the common ownership element has been met, we need not address that issue because defendants have failed to forecast evidence sufficient to establish the latter two elements of an easement implied by prior use.

The fact that there was apparent, continuous, and permanent use of Creek Road for the benefit of the Swieter Tract prior to the transfer from common ownership is insufficient to meet the requirements of the second element. Easements implied by prior use are designed to protect the expectations of the grantor and grantee that an *existing use* will continue after the transfer. *Id.* As a result, the grantee must show the disputed "use of the purported easement existed prior to the severance of title . . . and that at the time of the severance, [the grantor] intended that the use would continue." *CDC Pineville, LLC v. UDRT of N.C., LLC*, 174 N.C. App. 644, 654, 622 S.E.2d 512, 519 (2005), *disc. review denied*, 360 N.C. 478, 630 S.E.2d 925 (2006).

---

3. The Swieters also appear to argue that their deed to the Water Company somehow gave them color of title. They cite no authority to support their theory that a party may obtain color of title by granting a deed to another party for property that the granting party does not otherwise own. We reject defendants' novel contention.

Here, there is no dispute that the waterline was installed in or around 1992, long after the 1938 transfer of the property away from any common ownership. Thus, although Creek Road may have been used to benefit the Swieter Tract prior to the transfer, the underground waterline was not, and the parties to the original transfer could not, therefore, have "intended that the use" of Creek Road as the site for a waterline "continue" after the transfer.

Similarly, as to whether the waterline is necessary to enjoy the Swieter Tract, "[t]he element of necessity, with an implied easement by prior use, does not require a showing of absolute necessity. 'It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that grantor intended grantee should have the right *to continue to use the road in the same manner and to the same extent which his grantor had used it . . . .*' " *Metts v. Turner*, 149 N.C. App. 844, 850, 561 S.E.2d 345, 348 (emphasis added) (quoting *Smith v. Moore*, 254 N.C. 186, 190, 118 S.E.2d 436, 438-39 (1961)), *disc. review denied*, 356 N.C. 164, 568 S.E.2d 198 (2002). Again, plaintiff's predecessors in interest did not install any waterlines. As defendants' installation of the waterline went beyond the "manner" and "extent" of the use to which plaintiff's predecessors put Creek Road, defendants also failed to present evidence of the third element of an easement implied by prior use. *See Broome v. Pistolis*, 53 N.C. App. 366, 368, 280 S.E.2d 794, 795 (1981) ("[C]reation of an easement by implication cannot rest upon mere convenience.").

As there were no genuine issues of material fact as to either the second or third elements of an easement implied from prior use, defendants were not entitled to an easement under this theory. This theory cannot, therefore, support the trial court's grant of summary judgment to defendants.

C. Easement Implied by Necessity

We next turn to defendants' argument that they are entitled to an easement implied by necessity. "In some instances property could not be used for the purpose for which granted or any beneficial purpose unless an easement is implied." 1 Webster, *supra* § 15-13, at 701. "North Carolina follows the generally accepted view that the requirements for such an easement are: (1) a conveyance (2) of a portion of the grantor's land (i.e., the grantor retains a portion of his land) and (3) after this severance of the two portions or parcels, it is necessary for the grantee to have an easement over the grantor's

retained land to reach a public road." *Id.* at 702 (emphasis and internal footnote omitted).

"[T]he easement must arise, if at all, at the time of the conveyance from common ownership." *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 37 (1986). Consequently, all elements required for the easement's creation must exist at the time of the severance of the alleged dominant and servient estates. 1 Webster, *supra* § 15-13, at 702. Although this doctrine is most typically considered with respect to rights of way, this Court has also recently applied it in the context of underground utility piping. *See CDC Pineville, LLC*, 174 N.C. App. at 654, 622 S.E.2d at 519 (noting that because "it was not necessary that the pipe . . . be located on plaintiff's property in order for defendant to use and enjoy its property, . . . there was no easement by necessity").

On appeal, the parties dispute only the third element: whether it is necessary for defendants to have the waterline easement under Creek Road. As with easements implied by prior use, "the party claiming the easement [need not] show absolute necessity." *Boggess v. Spencer*, 173 N.C. App. 614, 618, 620 S.E.2d 10, 13 (2005), *disc. review denied*, 360 N.C. 288, 627 S.E.2d 619 (2006). Rather, " '[i]t is sufficient to show such physical conditions and such use as would reasonably lead one to believe that the grantor intended the grantee should have the right of access.' " *Broyhill*, 79 N.C. App. at 223, 339 S.E.2d at 35 (quoting *Oliver v. Ernul*, 277 N.C. 591, 599, 178 S.E.2d 393, 397 (1971)). Additionally, necessity may be established if the easement is "necessary to the beneficial use of the land granted, 'and to its convenient and comfortable enjoyment, as it existed at the time of the grant.' " *Wiggins v. Short*, 122 N.C. App. 322, 331, 469 S.E.2d 571, 578 (1996) (quoting *Meroney v. Cherokee Lodge*, 182 N.C. 739, 744, 110 S.E. 89, 91 (1921)).

As the waterline was not installed until nearly 60 years after the 1938 transfer of the property away from any purported common ownership, we fail to see how a waterline easement, at the time of the conveyance, could possibly have been either intended by the parties to the transfer or necessary to the convenient and comfortable enjoyment of the Swieter Tract. Thus, defendants failed to present evidence sufficient to establish an easement implied by necessity.

D. Easement by Estoppel

As a general matter, " '[e]quitable estoppel precludes a party from asserting rights "he otherwise would have had against an-

other" when his own conduct renders assertion of those rights contrary to equity.' " *Ellen v. A.C. Schultes of Md., Inc.*, 172 N.C. App. 317, 321, 615 S.E.2d 729, 732 (2005) (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen, GMBH*, 206 F.3d 411, 417-18 (4th Cir. 2000)), *disc. review and cert. denied*, 360 N.C. 575, 635 S.E.2d 430 (2006). Accordingly, an easement by estoppel " 'may arise where one cognizant of his own right keeps silent in the knowledge that another will be innocently and ignorantly induced to . . . expend money or labor in reliance on the existence of such an easement.' " *Delk v. Hill*, 89 N.C. App. 83, 87, 365 S.E.2d 218, 221 (1988) (quoting Patrick K. Hetrick, *Webster's Real Estate Law in North Carolina* § 316 (rev. ed. 1981)), *disc. review denied*, 322 N.C. 605, 370 S.E.2d 244 (1988). *See also Packard v. Smart*, 224 N.C. 480, 484, 31 S.E.2d 517, 519 (1944) (concluding successors in interest of single building spanning two adjoining parcels were bound by appurtenant cross-easements by estoppel following predecessors' oral agreement to jointly use common hallways). "[I]n order for the doctrine of equitable estoppel to apply, the party against whom estoppel is asserted *must have full knowledge* of its rights and of facts which will enable it to take action as to enforcement thereof." *State Farm Mut. Auto. Ins. Co. v. Atlantic Indem. Co.*, 122 N.C. App. 67, 76, 468 S.E.2d 570, 575 (1996) (emphasis added).

Thus, in *Delk*, this Court held the plaintiff had shown sufficient evidence of an easement by estoppel to withstand summary judgment when he had graded a road across the defendant's property "at plaintiff's great expense," in the belief that he had an easement and *following a request by the defendant*. 89 N.C. App. at 87, 365 S.E.2d at 221. By way of contrast, in *Huberth v. Holly*, 120 N.C. App. 348, 352, 462 S.E.2d 239, 242 (1995), this Court held that no easement by estoppel was created when the record contained no evidence "that plaintiffs led the defendants to believe that plaintiffs had granted them an easement."

In this case, Henry Woodring's affidavit states that he was not aware of the waterline beneath Creek Road until 1998, approximately six years after it was installed. In response, defendants have pointed to no evidence suggesting that plaintiff or his father were aware that defendants had installed a waterline along Creek Road. None of the affidavits or requested admissions attached to defendants' motion for summary judgment indicate that plaintiff had such knowledge, and none of the evidence suggests that plaintiff led defendants to believe they had an easement that allowed installation of an underground

commercial waterline. Consequently, the record contains insufficient evidence to support a finding of an easement by estoppel.

E. The Trial Court's Grant of Summary Judgment

As indicated above, the record contains insufficient evidence to support a finding by a jury that defendants are entitled to a waterline easement under any of the theories they asserted. Accordingly, the trial court erred not only in granting summary judgment to defendants as to the waterline easement, but also erred in failing to grant summary judgment to plaintiff Gary Woodring on his claim that defendants were not entitled to a waterline easement.

IV

[4] Finally, plaintiff asserts that the trial court erred by granting defendants summary judgment with respect to his claims for trespass, nuisance, unjust enrichment, and unfair trade practices. With respect to these claims, plaintiff's brief includes argument only as to his trespass claim, and, therefore, we conclude that his appeal as to the remaining claims is abandoned. *See* N.C.R. App. P. 28(a) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned."). We, therefore, address only plaintiff's trespass claim.

[5] " 'The elements of trespass to real property are: (1) possession of the property by the plaintiff *when the alleged trespass was committed*; (2) an unauthorized entry by the defendant; and (3) damage to the plaintiff from the trespass.' " *Keyzer v. Amerlink, Ltd.*, 173 N.C. App. 284, 289, 618 S.E.2d 768, 772 (2005) (emphasis added) (quoting *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 32, 588 S.E.2d 20, 29 (2003)), *aff'd per curiam*, 360 N.C. 397, 627 S.E.2d 462 (2006). Plaintiff Gary Woodring obtained no legally recognized interest in the Woodring Tract until Henry deeded his interest in the two acre parcel to Gary in November 1998, approximately six years after the installation of the waterline—the date when the original trespass was committed. As a result, plaintiff failed to satisfy the first element of a claim for trespass, and, accordingly, summary judgment in favor of defendants was proper. *See, e.g., Fordham v. Eason*, 131 N.C. App. 226, 229, 505 S.E.2d 895, 898 (1998) ("Since [the plaintiff] cannot show that it was the owner of the land, it cannot maintain a cause of action for trespass."), *rev'd on other grounds*, 351 N.C. 151, 521 S.E.2d 701 (1999).

WOODRING v. SWIETER

[180 N.C. App. 362 (2006)]

Moreover, even assuming, *arguendo*, that plaintiff did have a legally recognized interest in the Woodring Tract at the time of defendants' trespass, plaintiff's claim would be barred by the applicable statute of limitations. Because the waterline is an actual encroachment on plaintiff's land for which damages could adequately be measured in a single action, it is a "continuing"—rather than a "recurring"—trespass. *See Bishop v. Reinhold*, 66 N.C. App. 379, 383, 311 S.E.2d 298, 301 (building constructed on complainant's property was a continuing trespass as there was no reason "why all relief cannot be granted in this one action, and in one trial"), *disc. review denied*, 310 N.C. 743, 315 S.E.2d 700 (1984). "When the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter." N.C. Gen. Stat. § 1-52(3) (2005).

Although the disputed waterline was completed in 1992, plaintiff filed this suit in 2004, long after the three-year statute of limitations had run.[4] Accordingly, the trial court properly granted summary judgment in defendants' favor as to the trespass claim.

## Conclusion

In sum, at the time the complaint was filed, plaintiff Henry Woodring lacked any interest in the property at issue and, consequently, lacked standing to bring this action. We, therefore, dismiss Henry Woodring's appeal. Similarly, since the Water Company does not own any portion of the property to which an easement would be appurtenant, it cannot be deemed to own any easement. We reverse the trial court's order to the extent it can be construed to grant the Water Company an easement of any kind.

With respect to the Swieter defendants' claim for easements, plaintiff Gary Woodring has abandoned his appeal of the trial court's determination that an easement for ingress and egress along Creek Road exists in favor of the Swieter defendants. As for the claimed waterline easement underneath Creek Road, however, we hold: (1) defendants have not satisfied the requisite period for an easement by prescription and are not entitled to rely upon the shorter period provided by the doctrine of color of title; (2) as to implied easements, defendants have failed to show that the installation of a waterline

---

4. We note that the record suggests plaintiff initially filed suit in 2003, but voluntarily dismissed that action without prejudice. Although the record does not include all the filings related to that action, the statute of limitations had still run as of the date of that initial lawsuit.

was intended by the parties to the original transfer from common ownership or reasonably necessary to defendants' use of the property; and (3) defendants failed to forecast sufficient evidence that they are entitled to an easement by estoppel. The trial court, therefore, should have entered summary judgment in favor of plaintiff Gary Woodring regarding defendants' claim of an easement for their waterline.

With respect to plaintiff's claims for trespass, nuisance, unjust enrichment, and unfair trade practices, however, the trial court properly entered summary judgment in favor of defendants. Accordingly, we dismiss the appeal in part, affirm the trial court in part, reverse the trial court in part, and remand for further proceedings in accordance with this opinion.

Dismissed in part; affirmed in part; reversed and remanded in part.

Judges WYNN and HUDSON concur.