An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-881
NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

SHELBY J. GRAHAM,
        Plaintiff,

v.                                          Guilford County
                                            No. 12 CVS 4672
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee under Pooling
and Servicing Agreement dated as of
November 1, 2005, Morgan Stanley
Home Equity Loan Trust 2005-4
Mortgage Pass through Certificates,
Series 2005-4,
        Defendant/Third-Party Plaintiff,

v.

BRANCH BANKING AND TRUST COMPANY,
        Third-Party Defendant.


        Appeal by defendant from order entered 19 March 2013 by

Judge Lindsay R. Davis, Jr. in Guilford County Superior Court.

Heard in the Court of Appeals 11 December 2013.


        *Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr.,
        for plaintiff-appellee and third-party defendant-appellee.*

        *Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell and
        Christopher C. Finan, for defendant/third-party plaintiff-
        appellant.*


        DAVIS, Judge.

Deutsche Bank National Trust Company ("Defendant") appeals from the trial court's order awarding summary judgment in favor of Shelby J. Graham ("Plaintiff") on her trespass claim. On appeal, Defendant argues that summary judgment should instead have been granted in its favor because Plaintiff failed to establish an essential element of her claim. After careful review, we reverse the trial court's order and remand for entry of summary judgment in favor of Defendant.

## Factual Background

Plaintiff and Defendant are the owners of two adjoining parcels of land in the Mayfield Village subdivision ("Mayfield Village") in Guilford County, North Carolina. Plaintiff acquired Lot 1, Section 1 of Mayfield Village ("Lot 1") by general warranty deed on 25 July 1996.[1] Plaintiff did not have Lot 1 surveyed at the time of purchase. Defendant acquired Lot 2, Section 1 of Mayfield Village ("Lot 2") pursuant to a trustee's deed recorded on 28 May 2010. Similarly, Defendant did not have Lot 2 surveyed at the time it acquired the property.

---

[1] The deed listed Shelby G. Coffer — Plaintiff's married name — as the grantee. Plaintiff is no longer married, and in 2001, Plaintiff executed and recorded a deed conveying Lot 1 to Shelby J. Graham.

In September of 2010, one of Plaintiff's neighbors approached her and expressed an interest in purchasing Lot 2 from Defendant. Plaintiff's neighbor asked her if she was aware "that there was a property line dispute between [Lot 1] and [Lot 2]." Plaintiff replied that she did not know of any such dispute.

In early 2011, another individual, Danny Frazier ("Mr. Frazier"), approached Plaintiff, expressed an interest in acquiring Lot 2, and inquired about a property line dispute. At some point, Mr. Frazier had the property surveyed, and the survey — which he provided to Plaintiff — indicated that portions of the house and septic system on Lot 2 encroached on Lot 1.

Plaintiff's title insurance company then contacted Boswell Surveyors, Inc. to prepare a survey of the property ("the Boswell survey"). The Boswell survey likewise indicated that the house and septic system on Lot 2 — which were constructed in 1994 — are "in fact partially located on Lot 2 Mayfield Village and partially encroach[] over onto Lot 1."

On 8 March 2012, Plaintiff's attorney sent a letter to Defendant demanding that the encroaching structures be immediately removed from Lot 1. The letter stated that if

Defendant did not respond within seven days, a civil action would be filed.

Twelve days later, Plaintiff filed a complaint against Defendant in Guilford County Superior Court alleging that the encroaching structures were an "ongoing and continuing trespass" on her property. On 23 May 2012, Defendant filed an answer, counterclaims for reformation of its deed and to quiet title, and a third-party complaint against Branch Banking and Trust Company ("BB&T"), the holder of the deed of trust encumbering Plaintiff's property. Defendant filed an amended answer on 18 July 2012, adding a counterclaim for adverse possession. Defendant voluntarily dismissed its counterclaim for adverse possession on 31 October 2012.

On 13 February 2013, Plaintiff and BB&T filed a joint motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Following a hearing, the trial court entered an order on 19 March 2013 granting summary judgment in favor of Plaintiff and BB&T in part and ordering Defendant to remove the encroaching structures. Defendant appealed to this Court.

**Analysis**

We first note that the trial court's 19 March 2013 order was a grant of partial summary judgment and is, therefore, interlocutory. *See Curl v. Am. Multimedia, Inc.*, 187 N.C. App. 649, 652, 654 S.E.2d 76, 78-79 (2007) ("A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." (citation and quotation marks omitted)). An interlocutory order may be appealed, however, if the order implicates a substantial right of the appellant that would be lost if the order was not reviewed prior to the issuance of a final judgment. *Guilford Cty. ex rel. Gardner v. Davis*, 123 N.C. App. 527, 529, 473 S.E.2d 640, 641 (1996). This Court has previously held that "ordering the removal of substantial structures from real property affects [a] substantial right, and therefore, the partial summary judgment is immediately appealable." *Keener v. Arnold*, 161 N.C. App. 634, 637, 589 S.E.2d 731, 733 (2003), *disc. review denied*, 358 N.C. 376, 598 S.E.2d 136 (2004). As such, the order requiring Defendant to remove the portion of the house located on Lot 1 affects a substantial right and is immediately appealable.

We review an order granting summary judgment *de novo*. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Premier, Inc. v. Peterson*, ___ N.C. App. ___, ___, 755 S.E.2d 56, 59 (2014) (citation and quotation marks omitted). When ruling on a motion for summary judgment, the trial court "must consider the evidence in the light most favorable to the nonmovant, who is entitled to the benefit of all favorable inferences which may reasonably be drawn from the facts proffered." *First Commerce Bank v. Dockery*, 171 N.C. App. 297, 299-300, 615 S.E.2d 314, 316 (2005) (citation and quotation marks omitted).

Here, Defendant argues that summary judgment was improperly granted in favor of Plaintiff and BB&T because Plaintiff cannot prove all of the essential elements of her trespass claim. "[A] claim of trespass requires: (1) possession of the property by plaintiff *when the alleged trespass was committed*; (2) an unauthorized entry by defendant; and (3) damage to plaintiff." *Singleton v. Haywood Elec. Membership Corp.*, 357 N.C. 623, 627, 588 S.E.2d 871, 874 (2003) (citation and quotation marks omitted and emphasis added). In the present case, the pleadings and

depositions before the trial court showed that (1) Plaintiff purchased Lot 1 in 1996; and (2) the house and septic system on Lot 2 were constructed in 1994. As such, because Plaintiff did not possess Lot 1 at the time the encroaching structures were built, Plaintiff cannot satisfy the first element of trespass.

In reaching this conclusion, we are guided by our decision in *Woodring v. Swieter*, 180 N.C. App. 362, 637 S.E.2d 269 (2006). In *Woodring*, a property owner brought a trespass claim against the owners of adjoining property based on the defendants' installation of an underground waterline which encroached on the plaintiff's land. *Id.* at 366, 637 S.E.2d at 274. We concluded that the trial court had properly granted summary judgment in favor of the defendants because the plaintiff "obtained no legally recognized interest in [the property] until . . . approximately six years after the installation of the waterline — the date when the original trespass was committed" and, therefore, could not satisfy the first element of a claim for trespass. *Id.* at 376, 637 S.E.2d 280. Similarly, because Plaintiff in the present case did not obtain a legally recognized interest in Lot 1 until approximately two years after the construction of the

encroaching structures on Lot 2, we are compelled to reach the same result here.

While Plaintiff attempts to rely upon this Court's decision in *Bishop v. Reinhold*, 66 N.C. App. 379, 311 S.E.2d 298, *disc. review denied*, 310 N.C. 743, 315 S.E.2d 700 (1984), her reliance on *Bishop* is misplaced. In *Bishop*, the trial court entered judgment on the jury's verdict that the defendants had committed a wrongful trespass by constructing a portion of their home on the plaintiffs' land. *Id.* at 380, 311 S.E.2d at 299. On appeal, the defendants in *Bishop* did not dispute the fact that the plaintiffs owned the property at the time the defendants' encroaching structure was constructed and instead argued that the trespass claim was barred by the three-year statute of limitations for a continuing trespass because it was brought seven years after the construction of the encroaching house. *Id.* We concluded that the trial court had properly determined that the plaintiffs' trespass action was not time-barred because

> [t]he wrongful maintenance of a portion of the defendants' dwelling house on the plaintiffs' lot is a separate and independent trespass each day it so remains and the three-year statute for removal begins to run each day the encroaching structure remains upon the plaintiffs' land.

*Id.* at 384, 311 S.E.2d at 301.

In *Bishop*, the plaintiffs had owned the property at issue when the defendants' encroaching house was built. *Id.* at 381, 311 S.E.2d at 300. Thus, unlike in the present case, the plaintiffs in *Bishop* had possession of the property when the alleged trespass was first committed. As such, while *Bishop* stands for the proposition that a continuing encroachment on one's property is an independent trespass each day for purposes of the statute of limitations, nothing in *Bishop* permits Plaintiff to escape her burden of establishing the first element of a trespass claim — that she was in possession of the property at the time the original trespass occurred. *See Young v. Lica*, 156 N.C. App. 301, 305, 576 S.E.2d 421, 424 (2003) ("The elements of a trespass claim are that plaintiff was in possession of the land *at the time of the alleged trespass*; that defendant made an unauthorized, and therefore unlawful, entry on the land; and that plaintiff was damaged by the alleged invasion of his rights of possession." (citation and quotation marks omitted and emphasis added)).

Accordingly, on the facts before us, an essential element of Plaintiff's trespass claim is lacking, and, for this reason, summary judgment should have been entered in favor of Defendant. *See Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 10, 652

S.E.2d 284, 292 (2007) (explaining that defendant is entitled to summary judgment upon a showing that "an essential element of the plaintiff's case is non-existent"), *appeal dismissed and disc. review denied*, 362 N.C. 177, 658 S.E.2d 485 (2008).

## Conclusion

For the reasons stated above, we reverse the trial court's order granting summary judgment for Plaintiff and BB&T and remand for entry of summary judgment in favor of Defendant.

REVERSED AND REMANDED.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).